KING, appellant, and RUCKMAN, respondent.

1. After a cause has been heard upon the merits, the judgment properly entered, and the papers remitted to the court below, the Court of Errors has no further jurisdiction with respect to the case.

2. A judgment entered by mistake may be amended, or if procured by fraud, may at any time be set aside.

3. This court may order a re-argument while a cause is still pending, and before the papers have been remitted.

*Quære.* Whether motion for a re-argument will in any case be entertained unless it proceed from some member of the court who concurred in the judgment.

This cause was argued and decided on the merits at the last term. The decree of the Chancellor was reversed. The judgment of this court was duly entered on the minutes, with the usual order to remit, &c. This judgment, together with the pleadings, exhibits, and other papers, were sent to and duly filed in the Court of Chancery.

At this term of this court a motion to re-hear the case was made, founded on a petition which counsel offered to read.

*Mr. Woodruff* and *Mr. Dixon*, for motion.

*Mr. W. L. Dayton* and *Mr. C. Parker*, contra.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The question is whether the present motion ought to be heard. The case has been entertained by this court upon its merits, judgment entered, and the papers and proceedings remitted. It is not pretended that the judgment has been taken through deception or mistake, but it is insisted that this court can, at this stage of the proceedings, vacate its own judgment, recall the record from the inferior court, and review the case on the merits. I can find no authority for such a course of practice. It is opposed to the policy of the law as well as to the settled practice of appellate courts. I cannot find that such an irregularity is apparent anywhere on the minutes of this court. It is clear that it is a departure from the admitted procedure in the House of Lords. It is true, as appears from *Lord Hale's Jur. H. L.* 124, that in that tribunal, in the time of Richard II, a right of reviewing its own decisions, by a process which was called a writ of petition of error, did exist; and that, until about the close of the seventeenth century, upon appeals from chancery, re-hearings were granted. But since that time it does not appear that a re-hearing upon the merits has ever been permitted before that court. In *Sidney on Appeals, p.* 32, it is said : " When the minutes of an order have been read at the table of the House of Lords, it is considered as final and unalterable, even upon appeals from chancery." In some cases, however, mere formal defects have been removed, and clauses added, so as to carry out the views of the court. Such course was taken in *McGavin* v. *Stewart*, 4 *Wilson &*

*Shaw* 184, in which the judgment had directed the parties to be sworn in the court below; and afterwards, it being shown to the court that some of the parties were dead, the House, at a subsequent term, ordered the direction as to the examination of the parties as witnesses to be struck out of its judgment. A similar principle was acted on in *Tommey* v. *White*, 4 *H. L. Cas.* 333, the court at a subsequent term revoking its final decree on the ground that such decree had been procured by deception. In the practice of this court, therefore, it seems clear that an error in a decree or judgment, occurring from fraud or mistake, will be rectified; and it is also equally clear that a final judgment will not be re-heard upon the merits. Upon this point the language of the judges in the case just cited of Tommey *v.* White is very explicit. The Lord Chancellor said: " Several authorities were referred to in which it had been stated by Lord Eldon and other learned judges, that a case once decided here between A and B is, as against A and B, conclusively and forever decided, and that nothing but an act of Parliament can afterwards alter the decision. I think that is so." And in this same case, when it was first before the court (3 *H. L. Cas.* 69), Lords Truro and Brougham used language of similar import. The same rule of practice, subject to the qualifications above expressed, has been repeatedly sanctioned and enforced in the courts of New York and in the courts of the United States. *The People* v. *The Mayor, &c.*, 25 *Wend.* 252 ; *Legg* v. *Overbagh*, 4 *Wend.* 188; *Delaplaine* v. *Bergen*, 7 *Hill* 591 ; *Hosack* v. *Rogers*, 7 *Paige* 108.

In *Martin* v. *Hunter's Lessee*, 1 *Wheat.* 355, the language of Judge Story is as follows, viz. " A final judgment of this court is supposed to be conclusive upon the rights which it decides, and no statute has provided any process by which this court can revise its own judgments." See also *Southard* v. *Russell*, 16 *How.* 571 ; *The Palmyra*, 12 *Wheat.* 11.

These cases show plainly what the usual rule of practice is in courts proceeding by force of an appellate jurisdiction ; and I think, also, it is the usual course in this court. After

final judgment pronounced and entered, and a sending down of the record, there is no known instance of this court's again taking cognizance over the case.  I have no doubt that this court has the power at any time to amend its judgment, if it is erroneous by reason of the mis-entry of the clerk, or by reason of any other mistake; or that such judgment may be set aside and treated as a nullity, if it· has been procured by fraud, or is the result of misapprehension. But I also think that when such judgment has been rendered after a hearing upon the merits, and has been entered on the minutes in accordance with the views of the court, and the record has been regularly remitted to the inferior court, this court has no further jurisdiction in the case.

It should be understood that the foregoing remarks have no application to the power of this court to order, at its pleasure, a re-argument of any case which may be pending before it.   This prerogative exists, it is presumed, until the record is actually remitted to the court below.  Two instances, which occurred within the last few years, are remembered in which this authority was exercised.  It is obviously a power which should be very sparingly used, and perhaps in no case unless upon the motion of the court.   This court has never, so far as I am aware, decided that it is competent for counsel to move for a re-argument.   The point was not raised or decided in either of the cases just referred to.   In the Supreme Court of the United States, it is the settled practice that a re-argument will not be heard unless some member of the court who concurred in the judgment desires it, and it will be then ordered without waiting for the application of counsel.  *Brown* v. *Aspden's Adm'rs*, 14 *How.* 25.  Whether the same rule should not be adopted by this court will be a proper subject for consideration when the point shall arise.

In the present case, the motion to re-hear the case upon the merits must be refused on the grounds already stated.

The whole court concurred.