ELSIE HANSEN, BY HER NEXT FRIEND, &c., v. JOSEPH DE VITA.

Argued June Term, 1908—Decided August 8, 1908.

1. The Supreme Court has no power to amend the records of the Circuit Court save in matters of form. Each court is the custodian and guardian of its own records.
2. Where the record sent to this court is complete but is alleged to be erroneous, it cannot be corrected by a rule of diminution.
3. Where the record of the trial court misstated the verdict it could be corrected by that court, even after a writ of error taken.

On motion to have the record in this case remitted to the Circuit Court to be reformed there, or to have the judgment opened and a writ of *certiorari* granted with a rule for diminution upon the Middlesex Circuit to return a true judgment, as such a judgment should have been returned in accordance with the facts appearing upon the trial.

Before Justices REED, BERGEN and VOORHEES.

For the motion, *Alfred S. March* and *Robert Adrain.*

*Contra, Charles C. Hommann.*

The opinion of the court was delivered by

REED, J. This action was brought in Middlesex Circuit, tried there, and a verdict returned against the defendant.

This judgment was brought to this court by writ of error, and the judgment was affirmed and execution issued out of the Supreme Court. The reason for this affirmance is stated in the opinion then delivered, reported *ante p.* 96.

The record before us on error exhibited a declaration containing three counts, a verdict in tort and a corresponding judgment in tort.

The first count was equivocal, setting out the debauching of the plaintiff by the defendant, and also a promise to marry her.

The second count also set out that the defendant carnally knew the plaintiff, then a woman under the age of sixteen years, whereby she became pregnant.

The third count was for an assault and battery upon the plaintiff.

It was insisted by the plaintiff in error that the trial court had at the trial directed that the first count should be regarded as declaring upon the promise to marry, and that the second and third counts should be disregarded.

This court held that the plaintiff in error, by having taken a rule to show cause, had waived her exceptions, and that nothing appeared in the record but the pleadings, verdict and

judgment; and that the third count supported the verdict and judgment in tort.

It is entirely settled that this court has no power to amend the record of the Circuit Court, save in matters of form only. Each court is the custodian and guardian of its own records. There exists no power in a superior court to modify the record of an inferior tribunal, nor to compel an inferior court to change any record of its proceedings.

The prevalence of this rule is discussed and restated in the case of *Davis* v. *Township of Delaware*, 12 *Vroom* 55, and *Davis* v. *Township of Delaware*, 13 *Id.* 513; *affirmed*, 16 *Id.* 186.

The present application, however, is in the alternative; either that the record be sent back to the Circuit Court, so that it can amend its own record, or that our judgment of affirmance shall be opened and a rule of diminution granted, with directions for the Circuit to send up a true record.

Respecting the allegation of diminution of the record it is sufficient to say that there is no incompleteness in the record. The record is complete, although it may be erroneous.

Respecting the cases of *Apgar* v. *Hiler*, 4 *Zab.* 808, and *Brown* v. *Warden*, 15 *Vroom* 177, it will be observed that the allegations and *certiorari* in those cases went before the cause was decided, and were allowed in aid of the judgment below, and not to reverse it.

If the record below is erroneous in misstating the real verdict, the proper tribunal to correct it is the Circuit Court. The record remains in the Circuit Court for this purpose. It is the practice, after error brought, for the court below to amend the record in matters of substance, and to certify the record so amended to the court above. *Apgar's Admr.* v. *Hiler, supra.*

The amendment can be made by the Circuit Court without a *certiorari* from this court. *Mellish* v. *Richardson*, 1 *Cl. & F.* 224, cited in *Davis* v. *Township of Delaware*, 13 *Vroom* 516.

The motion is denied.