DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY

## MARCH TERM, 1917.

---

THOMAS DELKER, RESPONDENT, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC ET AL., APPELLANTS.

Argued March 16, 1917—Decided June 18, 1917.

1.  It is the judgment, not the opinion, of a court below which is brought before an appellate court for review. If the judgment of the lower court varies from its decision, it may be corrected only by amendment in that court; in the court above it can only be affirmed, reversed or modified.
2.  The publishing of official advertisements for municipal corporations in newspapers is neither work, labor nor materials furnished by the owners of the papers to such advertising customers under *Pamph. L.* 1912, *p.* 593.
3.  The act of 1909 (*Pamph. L., p.* 92; *Comp. Stat., p.* 3762), which regulates the price to be paid for public advertising, is not repealed by implication by act of 1912 (*Pamph. L., p.* 593) (there being no express repealer, specific or general), which latter act relates to expenditures by public bodies for the doing of work or the furnishing of materials or labor.
4.  Although a municipal corporation advertises for bids or proposals for publishing all official advertising in newspapers, it is not required to award a contract to the lowest bidder, but may contract for such advertising at the price fixed in *Pamph. L.* 1909, *p.* 92.

On appeal from the Supreme Court.

For the respondent, *Clarence L. Cole.*

For the appellants, *Enoch A. Higbee.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.    The board of chosen freeholders of the county of Atlantic called for sealed bids or proposals for the publication or printing of all public notices or advertisements authorized by the board, including monthly and annual financial statements.

In response, bids were submitted by the. South Jersey Star, Frank Breder, Atlantic City Review, Atlantic City Daily Press and Atlantic City Union, and were as follows:    South Jersey Star, seven-eighths cents per line; Frank Breder, six-eighths cents per line; Atlantic City Review, four cents per line for the first insertion and three cents per line for subsequent insertions; Atlantic City Press, ten cents per line for the first insertion, eight cents per line for subsequent insertions; Atlantic City Union, ten cents per line for the first insertion and eight cents per line for subsequent insertions. The proposals were referred to the printing committee, and the minutes of the board show that, on motion, a contract was awarded to the Atlantic City Review and Atlantic City Press at the legal rate as given in the bid of the Atlantic City Press. These two were not the lowest bidders.

The prosecutor-respondent sued out a *certiorari* from the Supreme Court to test the legality of the award.    That court in a *per curiam* held that the award of the contract was at a figure much in excess of the statutory limitation, and set the same aside, with costs.    This appears to refer to the total cost of the advertising, which would exceed (according to a stipulation in the cause) the $500 limit of expenditure, without advertising for proposals and awarding the contract to the lowest bidder, as. provided by the act of 1912, *infra.*    The respondent, the board, has appealed to this court.

It is urged as a ground of appeal that the judgment in the

Supreme Court is not·in accord with its opinion, in that the *judgment* sets aside·the *proceedings,* with costs, whereas the *opinion* directed the setting aside of the *contract,* with costs.

It is not the opinion, but the judgment, of the court below, which is before this court for review. The reasoning of the judges in a court below is always considered, and, so far as it tends to support the conclusion reached by that tribunal, is given due weight by an appellate court; but the judgment entered in the court below, even if it is different from the court's decision, cannot be amended in the court above; it can only be affirmed, reversed or modified there.

The judgment entered upon the opinion of the Supreme Court in the case at bar recites that that court was of opinion that the *proceedings* under review should be set aside, and so ordered, with costs, the opinion concluding, as above mentioned, that the *contract* should be set aside. The form of the judgment, however, if a matter of importance, could only be corrected by·the court which rendered it. See *Hansen* v. *De Vita,* 76 *N. J. L.* 330. However, the form of the judgment before us is of no importance in the view which we have reached, for were it one setting aside the *proceedings* under review instead of the *contract* it would have to be reversed. And this brings us to the meritorious question in the controversy, which is one of statutory construction.

Two statutes are involved. The first is *Pamph. L.* 1909, *p.* 92; *Comp. Stat., p.* 3762, and the other is *Pamph. L.* 1912, *p.* 593. The title and pertinent section .of the first reads as follows:

"An act to regulate the price to be paid for official advertising.

"1. Hereafter the price to be paid for publishing all official advertising in the newspapers, published in cities of the first and second class, or in counties of the first and second class in this state, shall be at the rate of ten cents per agate (or $5\frac{1}{2}$ point) line for the first insertion, and eight cents per agate line for each subsequent insertion; *provided,* that in computing such charge per line, the lines shall average at least seven words."

And the second:

: "An act. relating to expenditures by public county, city, town, township, borough and village bodies.

"1. Where and whenever hereafter it shall be lawful and desirable for a public body of any county, city, town, township, borough or village to let contracts or agreements for the doing of any work or for the furnishing of any materials or labor, where the sum to be expended exceeds the sum of five hundred dollars, the action of any such public body entering into such agreement or contract, or giving any order for the doing of any work or for the furnishing of any materials or labor, or for any such expenditures, shall be invalid unless such public body shall first publicly advertise for bids therefor, and shall award said contract for the doing of said work or the furnishing of such materials or labor to the lowest responsible bidder; *provided, however,* that said public body may, nevertheless, reject any and all bids."

The prosecutor, who bid for the South Jersey Star, was the lowest bidder, and claimed that the act of 1912, which provides that where a public body in any county, &c., shall make a contract or agreement for the doing of any work or the furnishing of any materials or labor, where the sum to be expended exceeds $500, the action of such body shall be invalid unless it shall publicly advertise for bids and shall award the contract to the lowest responsible bidder, required that the contract should have been awarded to him. We do not think that this act applies at all to the case at bar.

The advertising under which the bids were received was for proposals for the publication or printing of all public notices or advertisements authorized by the board of chosen freeholders, including monthly and annual financial statements, and that the successful bidder, or the ones to whom the contract should be awarded, must enter into a written contract to publish such legal notices as should be authorized by the board for the price for which they bid, &c. The sort of advertising here called for was clearly official advertising, as provided for in section 1 of the act of 1909, and

was not the doing of work or the furnishing of materials or labor comprehended in the act of 1912.

It is urged on behalf of the respondent that the act of 1912 repealed the act of 1909 by implication, there being no express repealer, specific or general. The Supreme Court held that the two acts could stand together and seems to have treated them as being *in pari materia.* We think they are not; that they contemplate two entirely different subjects, the one of 1909 the matter of official advertising and the one of 1912 the doing of public work, or furnishing materials therefor.

The act of 1909 does not require advertising for bids, and, consequently, the appellant was not required to award the contract to the lowest bidder. This court, in *Trenton* v. *Shaw,* 49 *N. J. L.* 638, held that under a provision in the charter of Trenton requiring that all contracts for work or materials for any improvement should be given to the lowest bidder, did not apply to a contract to furnish *rubber hose* for the fire department, because that was not an improvement. In that case advertisement had been made for bids, but the contract was not awarded to the lowest bidder and the action of the common council was set aside in the Supreme Court but was upheld in this court. The doctrine of Trenton *v.* Shaw is applicable to the case at bar.

The judgment under review must be reversed, with costs.

*For affirmance*—None.

*For reversal* — THE CHANCELLOR, GARRISON, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 9.