This was a suit for specific performance of contract to convey land acquired by the defendant L. Roberts Walton, at sheriff's sale on foreclosure, the complainant, Mrs. Smith, claiming right to a conveyance from defendant under a certain contract. After hearing, the bill was dismissed by decree made January 17th, and filed January 19th, 1924. The time for appealing, a lis pendens
being filed, expired three months afterwards — that is, on April 18th, 1924. No appeal having been filed within the three months, the complainant now applies to this court to extend the time for appealing.
The Chancery act (Comp. Stat. p. 450 § 111) provides that an appeal from a decree shall be made within one year of making such decree unless a notice of lis pendens has been filed, in which case appeal from the final decree shall be made within three months after the filing of the same. Identically the same provision as to appeals is to be found in the Lis Pendens act.Comp. Stat. p. 3175 § 8. In 1914 the legislature passed an amendment to the Chancery act, wherein a proviso was added to section 111, that in cases where final decree had theretofore been filed, or might thereafter be filed, the chancellor may, in his discretion, by order made not more than six months after the time therein limited for making an appeal, extend the time of the appellant for making his appeal for a period not exceeding six months from the expiration of the time so limited. P.L. *Page 423 1914 p. 133. This act was construed by the court of errors and appeals in Plahn v. Givernaud, 85 N.J. Eq. 143, wherein Chief-Justice Gummere, writing the opinion, said (at p. 146): "We are not to be understood as denying the power of the legislature to extend the time of appeal before that right had expired by limitation. What we do determine is that a statute like that, which we have been discussing, is unconstitutional, so far as it operates to revive a right of appeal after it has expired under then existing law, and property rights have thereby become vested."
It is true that the act of 1914 was passed after the time for appealing had expired in the Plahn Case, which statute was by express words made retroactive; but, simply because this statute was in force when the decree in the case at bar was made, it is, nevertheless, to be said, that the decision referred to is applicable here, because the right of the defendant as against the complainant under the final decree in this cause became a vested right in him upon the expiration of the time limited for appeal, and no appeal taken.
Counsel for defendant in their brief concede the right of the chancellor in the exercise of discretion to permit of an extension of time in which the complainant may appeal, but they object to the granting of the extension in this case upon factual grounds. While it may be that the leave requested should not be extended because of the facts adverted to in the brief, nevertheless, I am of the opinion that leave should be withheld because of the existence of defendant's vested rights, as an act of the legislature which would permit the chancellor to extend the time after it has expired is, to that extent, at least, unconstitutional.
Another thing, an affidavit by the defendant L. Roberts Walton, is submitted on this motion, and it abounds in characterizations and conclusions. He says inter alia: "The only reason she [complainant] is prosecuting this appeal is an attempt to get an extra $6,000 out of the people to whom she has sold the property, and not because she thinks she has any just right of appeal whatsoever." And again: "The petitioner allowed me to go ahead and spend all my *Page 424 
money, leading me to believe that she knew she had no claim upon me, but after I had spent thousands of dollars in improving property, then she thought she would try to take this away," c. It is hard to conceive how a man can bring himself to swear as a fact what the thought and motives of another person are, or, more properly speaking, may be. Such speculations may be properly indulged in by counsel in the way of argument to be deduced from the facts, but affidavits should concern themselves only with actual facts and not with speculation. See In re McCraven.87 N.J. Eq. 28.
The application to extend the time for filing an appeal in this case is denied for the reason above expressed.