ANNA LAPAYOWKER, RESPONDENT, v. IKE LEVITZKY ET
AL., APPELLANTS.

Submitted May 29, 1925—Decided October 19, 1925.

1. It is settled that the findings of fact by a trial judge sitting with-
out a jury settles the facts. When such findings of fact are sup-
ported by evidence, they are not reviewable on appeal. *Bound
Brook Stove Works* v. *Ellis*, 98 *N. J. L.* 523.
2. At common law the non-joinder of a defendant in an action
*ex contractu* could be taken advantage of only by a plea in abate-
ment, now abolished. *Pamph. L.* 1912, *p.* 391, § 38.
3. Under our Practice act (*Pamph. L.* 1912, *p.* 378, § 8) "the court
may direct parties to be brought in." Section 9, "no action shall
be defeated by the non-joinder or misjoinder of parties." If
the general issue be pleaded (now a general denial) and it ap-
pears at the trial that a person who should have been defendant
has been omitted, the plaintiff is entitled, the merits being with
him, to a verdict against the defendant on the record. It was
not error for the trial judge to refuse to hear testimony as to
other persons being made parties defendant, although, by the
Practice act (*Pamph. L.* 1912, *p.* 391, § 38), the action of the
court may be reviewed on appeal after judgment.

On appeal from the Atlantic County Circuit Court.

For the appellants, *Morris Bloom.*

For the respondent, *William Charlton*

The opinion of the court was delivered by

BLACK, J.  This case was tried by Judge Schimpf without
a jury, resulting in a judgment for the plaintiff for $685.12.
The complaint charges that the plaintiff, on May 25th, 1923,
was employed by the defendant Ike Levitsky, for himself and
partners, to audit the books of the New Jersey Poultry Com-
pany.  The proofs of the plaintiff show that she was em-
ployed by the defendant at an agreed weekly compensation
of $45 per week, to be paid at the end of the season.  It was
to expire the week after Labor Day, when the season ends.
The plaintiff worked for fifteen weeks and has not been paid.

The only testimony offered by the defendants was that of the defendant Ike Levitsky. He testified that he never hired the young lady, then he testified: *"A.* I said, as soon as I get hold of Mr. Berson and consult this business among the people, we will sign the check (*i. e.,* a check for the plaintiff's pay). *Q.* How long did she work for you? *A.* All season. *Q.* When was she to be paid? *A.* At the end of the season."

On this testimony the trial judge gave judgment for the plaintiff, which was in accordance with the reliable evidence before the court. It is settled in this court that the findings of fact by a trial judge sitting without a jury settles the facts. When such findings of fact are supported by evidence, they are not reviewable on appeal. *Bound Brook Stove Works* v. *Ellis,* 98 *N. J. L.* 523; *Mayor, &c., of Jersey City* v. *Tallman,* 60 *Id.* 239.

There was no exception taken to the ruling of the trial court in giving judgment for the plaintiff. But, even if the case falls within the scope of the act of *Pamph. L.* 1916, *p.* 109, of cases submitted to the court without a jury, any error made by the court in giving final judgment shall be subject to change, modificataion or reversal without the grounds of objection having been specifically submitted to the court. But there is no legal question now raised. The only point is that judgment should have been given for the defendant on the facts submitted to the court. As stated above, the court found in accordance with the evidence.

At page 33 of the record there is an exception entered to the ruling of the trial judge refusing to hear testimony at that time as to the misjoinder of parties. This, if reviewable under *Pamph L.* 1912, *p.* 391, § 38, was not error, because the Practice act of 1912, page 378, section 8, provides "the court may direct them (*i. e.,* other parties) to be brought in." Section 9. "No action shall be defeated by the non-joinder or misjoinder of parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require."

Under the Practice act (*Pamph. L.* 1903, *p.* 544; 3 *Comp. Stat., p.* 4048, § 36), the non-joinder or misjoinder of a plaintiff could not be objected to by the defendant unless he gave notice of such objection to the plaintiff within five days after filing his plea or demurrer, &c. So, under section 37, the joinder of too many defendants could be objected to in the same manner. But at common law the non-joinder of a defendant in an action *ex contractu* could be taken advantage of only by a plea in abatement now abolished. *Pamph. L.* 1912, *p.* 391, § 38; *Rice* v. *Shute,* 5 *Burr.* 2611; *Mershon* v. *Hobensack,* 22 *N. J. L.* 372, 379; *affirmed,* 23 *Id.* 580; 1 *Chit. Pl.* 20. If the general issue be pleaded and it appears at the trial, that a person who should have been a defendant has been omitted, the plaintiff is entitled, the merits being with him, to a verdict against the defendant on the record. *Lieberman* v. *Brothers,* 55 *N. J. L.* 379. So, in any aspect from which the point is viewed, it was not error for the trial court at the time asked to refuse to hear testimony on the non-joinder of further defendants.

Finding no error in the record, the judgment of the Atlantic County Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.