EMMA R. BOOTH, APPELLANT, v. KATHERINE C. KEEGAN, ADMINISTRATRIX OF THE ESTATE OF FRANCIS D. TULL, DECEASED, RESPONDENT.

Argued February 3, 1932—Decided February 3, 1932.

For the appellant, *Philip Wendkos.*

For the respondent, *George D. Rothermel.*

PER CURIAM.

The grounds of appeal filed in this case fail to raise properly any point for the consideration of this court. The rule is thoroughly settled that grounds of appeal, whether in civil or criminal cases at law, should specifically point out the judicial action complained of, and in the case of rulings on evidence, should state the name of the witness, the questions or answers objected to and ruled upon by the trial judge; in the case of instructions to the jury, should quote the precise instruction complained of, and in the case of requests to charge proferred and refused, should embody the actual language of the request and not refer to it by number or other method of citation. *State* v. *Blaine,* 104 *N. J. L.* 325; *State Highway Commission* v. *Zyk,* 105 *Id.* 156; *McKenna* v. *Reade, Ibid.* 408, 412; *Chapin* v. *Kreps,* 106 *Id.* 424; *Klein* v. *Shryer,* 106 *Id.* 432; *Stathos* v. *Bunevich,* 107 *Id.* 269, 272.

The grounds of appeal in the case now before us are as follows:

(1) The judgment is contrary to both the law and evidence of the case.

(2) The defendant, by proving its counter-claim and offering proof of an accord and satisfaction between the plaintiff and defendant's decedent waived the privilege granted to the defendant by the fourth section of the Evidence act of New Jersey.

(3) By offering proof of the counter-claim and of accord and satisfaction it was equivalent to the representative party offering herself first as a witness in her own behalf.

(4) The proof offered by the defendant rendered the plaintiff competent to testify to any and all transactions and conversations between the plaintiff and defendant's decedent.

(5) The trial court erred in denying the plaintiff the right to testify as to her transactions and conversations with defendant's decedent.

(6) The defendant offered no testimony whatever to refute the allegations and proofs of the plaintiff.

(7) The defendant did not introduce evidence to rebut the presumption that defendant's decedent promised to pay plaintiff for the services which she had performed for him at his request.

(8) The learned trial court erred in limiting the time within which plaintiff could recover for her services and the board which she had furnished decedent to six years beginning with October 23d, 1923.

(9) The learned trial court erroneously limited the cross-examination of the plaintiff as defendant's witness by plaintiff's counsel to the transaction to which she had testified on her direct examination by defendant's counsel.

(10) By proving her counter-claim of accord and satisfaction with the plaintiff as defendant's witness, plaintiff was rendered competent to testify as to the subject-matter of her suit.

Ground 1 merely alleges general error.

Grounds 2, 3, 4, 6, 7 and 10 do not point to any judicial action.

Grounds Nos. 5 and 9 fail to specify any questions that were overruled by the court.

Ground No. 8 was not argued and fails to indicate whether the so-called action of the court consisted in overruling testimony or instructing the jury.

The brief of counsel is equally nebulous as to alleged errors; for example, in regard to rulings on evidence, not one question objected to and ruled on is set out therein. There are certain references to pages of the testimony but that is all.

At the argument it was made plain that counsel was not unaware of the insufficiency of these grounds of appeal; and indeed this appears from the language of the notice of appeal wherein appellant "reserves the right to add other reasons upon the receipt of the transcript of the testimony." This was never done.

The foregoing considerations make it unnecessary to deal with the brief or argument for the appellant, although it may do no harm to intimate that we think both were without legal merit.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.