The complainant, Charlotte M. Locher, filed her bill of complaint in this cause on August 9th, 1929, for separate maintenance under section 26 of the Divorce act. The defendant filed his answer denying the allegations of the bill. The issues so framed came on for final hearing before an advisory master in the regular course, and were duly tried in open court, resulting in a final decree, entered December 17th, 1929, dismissing the bill of complaint. The decree was consented to as to form by the then solicitor of the complainant *Page 124 
before it was advised, and bears his consent endorsed thereon. The suit was tried and determined, and the bill dismissed, on the merits.
The decree contains a recital "that the complainant abandoned the defendant without justification." It does not contain any provision to the effect that it shall operate without prejudice to the complainant to use the evidence which she adduced in this suit in any subsequent suit between the parties.
The defendant in this suit has since instituted suit in this court against the complainant for divorce on the ground of desertion, to which the complainant has filed an answer denying desertion and a counter-claim for divorce on the ground of the alleged desertion of her by her husband. To this counter-claim the husband has answered denying that he is a deserter and has filed the special defense of res adjudicata. Complainant's solicitor in his brief on this motion says:
"This means that if the decree in the former suit is not amended that the wife will be precluded from introducing any evidence in the instant suit which was introduced on her complaint in the former suit. If this cause is tried and the wife is precluded from using any of that evidence she will be estopped from setting forth her full defense to the alleged desertion by the husband and will be precluded from showing that she was actually deserted by her husband."
It seems to me that the decree in its present form could have no such far-reaching effect as counsel fears. The clause contained in the recital "that the complainant abandoned the defendant without justification" should not have been in the decree, for it is a conclusion not within the issues, and for that reason and because it is a mere recital can have no legal effect whatever. Nevertheless it is clearly a clerical error and might prejudice complainant unconsciously in the mind of the court in the present proceeding.
The omission of any provision intended to modify the decree so as not to prejudice the complainant in the subsequent use of evidence used by her in this suit can affect only some action by her, not an action against her. She can use any *Page 125 
material, relevant and competent evidence in defense of her alleged desertion of her husband, for that is a different issue from the issue presented in this suit. Only so far as her counter-claim is concerned will she be prevented from adducing the same evidence which she adduced or might have adduced in this suit.
Whether or not her case was such as to warrant the court, in the exercise of a sound discretion, in tempering the effect of an unconditional dismissal of her bill on the merits, is a judicial question which should have been determined by the court at the time of making the decree. There is no question of fraud or mistake. The form of the decree was consented to by complainant's solicitor. The time to appeal therefrom elapsed long before the filing of her petition to modify.
Every court of record has control over its own judgments, records, decrees and orders, and power at any time to correct apparent or proved errors or misprisions and to cause them to speak the truth. Yorke v. Ackerman, 3 N.J. Law [*]900;Probasco v. Probasco, 3 N.J. Law [*]1012; Dewey v. Teneyck,3 N.J. Law [*]1023; Coxe v. Field, 13 N.J. Law 215; Hood v.Spaeth, 51 N.J. Law 129; King v. Ruckman, 22 N.J. Eq. 551;Day v. Argus Printing Co., 47 N.J. Eq. 594; De Lisle v.Reeves, 96 N.J. Eq. 416.
But a judicial error cannot be corrected after the time to appeal has expired, in the absence of fraud or mistake, or newly discovered evidence. Watkinson v. Watkinson, 68 N.J. Eq. 632;Mitchell v. Mitchell, 97 N.J. Eq. 298; Morris v. Glaser,106 N.J. Eq. 585, 591; Oddo v. Saibin, 106 N.J. Eq. 453, 458;McKenzie v. Standard Bleachery Co., 109 N.J. Eq. 429, 432, and cases cited.
The successful party has a vested right in the decree after the statutory period for appeal has expired. Plahn v. Givernaud,85 N.J. Eq. 143; Smith v. Walton, 96 N.J. Eq. 421; Vogler v.Vogler, 98 N.J. Eq. 421.
To disturb the decree after the time to appeal has expired in any manner except to correct clerical errors, or relieve an innocent party from the effect of fraud or mistake or because of newly discovered evidence, would be tantamount to granting *Page 126 
a rehearing or review, and it is well settled that a bill of review cannot be filed after the expiration of the appeal period, except in cases of fraud, mistake or newly discovered evidence.McKenzie v. Standard Bleachery Co., supra, and cases cited.
For the reasons stated I will deny the complainant's petition to amend the decree, except to strike out the clause of the recital which reads "that the complainant abandoned the defendant without justification." *Page 127