LEVENSON COMPANY, RESPONDENT, v. CATHERINE NO-
VELLO, APPELLANT.

Submitted January term, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Eugene A. Liotta.*

For the respondent, *Samuel H. Nelson.*

PER CURIAM.

Two promissory notes, both signed by the appellant, Cathe-
rine Novello, as maker—one for $350 drawn to the order of
the plaintiff; the other for $148.75 drawn to the order of
the Interstate Flour Company and assigned by the latter
company to the plaintiff, were the basis of the action. Both
notes were endorsed by the defendant Eugene A. Liotta.
Not being paid when due suit was brought thereon against
both maker and endorser. A nonsuit was granted in favor
of the endorser Liotta on proof that he had received no notice
of protest, and a judgment was rendered for the plaintiff for
$500 against Novello, the excess above that sum being waived.

The specifications of determinations presented for review
are—

1. That the court refused to allow plaintiff to ascertain
under what condition Levenson Company procured the as-
signment of the Interstate Flour Company.

2 The District Court erred in allowing Bernard Levenson,
a witness of the plaintiff, Levenson Company, to testify

as to the assignment of the Interstate Flour Company claim as against Catherine Novello without the assignment itself being in evidence.

3. The court erred in allowing a book other than the book of original entry to prove the claim of plaintiff against the defendant, Catherine Novello.

4. The court below erred in refusing to direct a verdict in favor of the defendant, Catherine Novello.

Upon the record presented there was nothing the court could do other than to enter a judgment for the plaintiff. The notes were offered in evidence without objection and their execution by Novello as maker and Liotta as endorser duly proved. Of the facts thus established there was no denial. It may be added that no one of the specifications relied on for reversal, with the exception of the last, is sufficient to bring before this court any ruling made in the trial of the case (*Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402), and the fourth as above indicated is without merit.

Judgment is affirmed, with costs.