GEORGE BOYETTE, PLAINTIFF-APPELLANT, v. UNITED STATES SAVINGS BANK, A CORPORATION, DEFEND-ANT-RESPONDENT.

Argued May 4, 1937—Decided May 17, 1937.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-appellant, *Geoffrey H. Towle.*

For the defendant-respondent, *George L. Sachs* and *William K. Flanagan.*

PER CURIAM.

Plaintiff appeals from a judgment in favor of the defendant entered in the Second District Court of the city of Newark by the judge of that court, sitting without a jury, following a trial in which plaintiff and defendant had submitted their several factual proofs.

The action was to recover damages for personal injury sustained by the plaintiff as a result of being struck by a mass of snow as he was walking along the highway. Plaintiff was the single witness in his own behalf. He testified to facts from which it might be inferred but was not demonstrated that the snow fell from some portion of the defendant's building. He also testified that he did not in fact know where it came from. It was within the fact-finding power of the judge to determine that the plaintiff had not proved that the snow came from the defendant's premises. If it be assumed that the snow did fall from the defendant's building, the next question

is whether defendant had done or failed to do something whereby he became chargeable. The contention of the plaintiff in this respect was that the snow had fallen because of the improper construction of the cornice on defendant's building. That was a controverted question of fact inasmuch as there was expert testimony introduced by the defendant to the effect that the construction was proper, normal and standard.

The findings of fact by the trial judge are supported by the evidence and therefore are not reviewable on appeal. *Lapayowker* v. *Levitzky,* 102 *N. J. L.* 164; 130 *Atl. Rep.* 627. Further, the specification of determinations failed to point out the precise judicial action complained of, and the appeal therefore presents no point for the consideration of this court. *Booth* v. *Keegan,* 108 *N. J. L.* 538; 159 *Atl. Rep.* 402.

The judgment below will be affirmed.