TERMINAL CAB CO., PLAINTIFF-APPELLANT, v. THEODORE O. MIKOLASY ET AL., DEFENDANTS-RESPONDENTS.

CLARENCE SPEER, PLAINTIFF-APPELLANT, v. THEODORE O. MIKOLASY ET AL., DEFENDANTS-RESPONDENTS.

Argued January 20, 1942—Decided April 1, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellants, *Alan Kraut.*

For the respondents, *West & Hein.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from judgments for two defendants entered in the District Court of the First Judicial District of the County of Bergen, on a counter-claim of said defendants in suits begun to recover damages by plaintiffs-appellants by reason of the alleged negligence of one of the defendants in the operation of the automobile of the other defendants.

The grounds of appeal are eight in number. The first four are designed to review alleged rulings of the trial judge on evidence, but they fail to raise properly any point for the consideration of this court. "The rule is thoroughly settled that grounds of appeal, whether in civil or criminal cases at law, should specifically point out the judicial action complained of, and, in the case of rulings on evidence, should state the name of the witness, the question or answers objected to and ruled upon by the trial judge." *Booth* v. *Keegan,* 108 *N. J. L.* 538; *Ciccone* v. *The Colonial Life Insurance Co.,* 110 *Id.* 276, 278; *Kleinman* v. *Globe and Rutgers Fire Insurance Co.,* 111 *Id.* 374, 377; *Miller* v. *Newark Hardware Co.,* 112 *Id.* 300, 303. In none of the specifications relating to rulings on evidence is this rule complied with. Consideration of the alleged errors, however, will show that appellant was not injured nor unduly limited by any of the rulings complained of.

The fifth and sixth grounds of appeal are that the trial judge refused "both plaintiffs' and defendants' motions for direction of verdict, but entered judgments for the defendants Margaret Mikolasy and Erika Mikolasy on their counter-claim in each of the cases" and "a no cause for action on the state of demand."

The proofs were in conflict and a clear question of fact was raised and the trial judge was called upon to weigh the

evidence and determine the question of fact as to negligence on the part of either or both drivers. In this situation, the trial judge properly denied the motions for directed verdicts. Having found the facts in favor of the counter-claimants, this court will not review the evidence nor the findings of the trial judge on conflicting evidence, as in this case. *R. S.* 2:32-204. *Kennell* v. *Gershonovitz Bros.,* 84 *N. J. L.* 577.

The seventh and eighth specifications of determinations complained of have to do with the entry of judgments and alleged modification of same. It appears from the transcript of judgment that on May 2d, 1941, decision was rendered as follows:

"Plaintiffs' and defendants' motions for direction of verdict denied. No cause for action on state of demand and judgment for defendants Margaret Mikolasy and Erika Mikolasy on counter-claim for one hundred fifty-seven and 75/100 dollars and costs seven and 89/100ths dollars and both attorneys were notified by registered mail.

"May 5th, 1941, corrected notices were sent by registered mail to both attorneys."

The complaint of appellants that there was a modification of the judgments is not supported by the record. It would appear that some error in notification occurred, but this would not void the judgments. The court has power to amend its judgment where the amendment is formal. *Dorman* v. *Usbe Building and Loan Association,* 115 *N. J. L.* 337, 340. It does not appear that there was any change in the entry of judgment, but if there was an obvious error in the manner of entering the judgment, the court could amend it to conform with the judgment rendered.

The judgments under review will be affirmed, with costs.