129 N.J. Super. 476 (1974)
324 A.2d 85
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS CONNERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 9, 1974.
Decided July 26, 1974.
*479 Before Judges FRITZ, LYNCH and MICHELS.
Mr. Paul J. Feldman argued the cause for appellant (Mr. Charles Frankel, attorney).
Mr. John T. Mullaney, Jr., Assistant Monmouth County Prosecutor, argued the cause for respondent (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney).
Mr. Steven Leonard Strelitz, Deputy Attorney General, argued the cause for amicus curiae State of New Jersey, Department of Law and Public Safety, Division of Criminal Justice (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant was found guilty in the Municipal Court of Manalapan Township of driving while under the influence of intoxicating liquor, in violation of N.J.S.A. 39:4-50(a). His driver's license was suspended for two years and a $200 fine was imposed. He appealed to the Monmouth County Court and after a trial de novo on the record below was again found guilty and the same sentence was imposed. Judgment was stayed pending the outcome of an appeal to this court.
Defendant contends that his conviction should be reversed because (1) the County Court erred in that its finding of intoxication was based on a chart contained in the New Jersey State Police Drinking Driving Enforcement Guide, which was not in evidence; (2) the State did not prove that defendant was guilty beyond a reasonable doubt of driving while under the influence of intoxicating liquor, in violation of N.J.S.A. 39:4-50a; (3) defendant's Fourteenth Amendment right to due process was violated by the Manalapan Township police officers; and (4) the County Court erred in vacating its order of September 4, 1973, adjudging defendant guilty of operating a motor vehicle while his ability to do so was *480 impaired by consumption of alcohol, in violation of N.J.S.A. 39:4-50(b). The State contends on its cross-appeal that the County Court erred in ruling that the inspection certificates for the Breathalyzer instrument were not properly admissible to prove that the instrument was in proper working order, without testimony and cross-examination of the State Police coordinator who tested the instrument.

I
It is fundamental that the findings of fact of a trial court must be based on evidence present in the record, Stuyvesant Ins. Co. v. Sussex Fire Ins. Co., 90 F.2d 281, 283 (3 Cir.1937), cert. den. 302 U.S. 742, 58 S.Ct. 144, 82 L.Ed. 573 (1937); Dudley Co. v. Aron, 106 N.J.L. 100, 103-104 (E. & A. 1929), or on matters judicially noticed in proper fashion. Evid. R. 9-12. While it appears from the record that the chart contained in the New Jersey State Police Drinking Driving Enforcement Guide (March 1968) was not in evidence or properly made the subject of judicial notice, and for that reason should not have been considered or referred to by the County Court judge in his written opinion, we are convinced that defendant was not prejudiced in any regard by the reference thereto. At the outset, we are satisfied that there was more than enough evidence in the record to find defendant guilty of driving while under the influence of intoxicating liquor without considering the chart referred to above. As a matter of fact, on the motion for an order to vacate the judgment, the County Court judge commented that he still would have found defendant guilty without regard to the chart. More importantly, however, the County Court judge actually only referred to the chart "as one source of meaningful information" in articulating his finding of defendant's guilt of driving while "under the influence" of intoxicating liquor, in violation of N.J.S.A. 39:4-50(a).

*481 II
Defendant's argument that the finding of guilt of driving while under the influence of intoxicating liquor, in violation of N.J.S.A. 39:4-50(a), was against the weight of the evidence is entirely without merit. Careful review of the record below satisfies us that there was sufficient credible evidence to support the conviction. See State v. Johnson, 42 N.J. 146, 161-162 (1964).

III
Defendant's argument that his Fourteenth Amendment right to due process was violated by the conduct of the Manalapan Township police in insisting on obtaining fingerprints and mug shots of him, contrary to N.J.S.A. 53:1-15, and in refusing to permit cash bail to be posted for him because of his refusal to submit to their booking procedures, is also without merit. Preliminarily, we point out, however, that the Manalapan Township police had no right to fingerprint and take mug shots of defendant since he was not arrested for an indictable offense. See Oberg v. Dept. of Law & Public Safety, 41 N.J. Super. 256 (J. & D.R. Ct. 1956). N.J.S.A. 53:1-15 provides in pertinent part:
* * * [L]aw enforcement agencies and officers, shall immediately upon the arrest of any person for an indictable offense, or of any person believed to be wanted for an indictable offense, or believed to be an habitual criminal, * * * take the fingerprints of such person according to the fingerprint system of identification established by the Superintendent of State Police and on the forms prescribed, and forward without delay two copies or more of the same, together with photographs and such other descriptions as may be required and with a history of the offense committed, to the State Bureau of Identification.
A proceeding for a violation of N.J.S.A. 39:4-50 is quasi-criminal in nature. State v. Hunter, 4 N.J. Super. 531, 537 (App. Div. 1949). Drunken driving is not a crime. State v. Cusick, 110 N.J. Super. 149, 151 (App. Div. 1970).
*482 However, the unwarranted fingerprinting of defendant and the refusal of the police to permit the cash bail to be posted for defendant, while clearly arrogant police conduct, do not rise to the level of "conduct that shocks the conscience," which was condemned by the United States Supreme Court in Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1951), contrary to defendant's assertion. In Rochin the court held that the forcible opening of defendant's mouth and the forcible extraction of the contents of his stomach in order to obtain narcotics evidence which was used to obtain his conviction violated the Due Process Clause of the Fourteenth Amendment as "methods too close to the rack and the screw to permit of constitutional differentiation." Defendant apparently overlooked the more recent case of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), wherein the Supreme Court held that the taking of a blood sample from the defendant after his arrest for drunken driving, by a physician at the direction of a police officer, despite the defendant's refusal to consent thereto, and the admission into evidence at trial of the results of the blood test, did not violate the defendant's right to due process of law under the Fourteenth Amendment.
Here, no claim of physical force or violence of the kind condemned by the Supreme Court in Rochin is made by defendant. His claim of conduct which "shocks the conscience" is without merit. Defendant arrived at police headquarters at some time between 5:40 P.M., when he was released from the hospital, and 5:50 P.M., when he was read the Breathalyzer refusal form and he refused to submit to the test. Some time after 6:08 P.M., when defendant's wife arrived at headquarters and was denied the opportunity to post bail for defendant, defendant acquiesced to submit to the testing, the first test being taken at 7:06 P.M., and the second at 7:22 P.M. While it is clear that the police officers improperly coerced defendant into submitting to the tests, the lack of physical force or violence and the relatively short *483 period of time which transpired, operate to preclude a finding of that degree of misconduct which "shocks the conscience" proscribed by the court in Rochin.
Furthermore, since the results of the Breathalyzer tests were not received in evidence by the County Court below and did not form the basis for defendant's conviction, defendant could not have been prejudiced by the conduct of the Manalapan police in any event.

IV
Defendant finally contends that the County Court erred in vacating its order of September 4, 1973, adjudging him guilty of impaired driving, in violation of N.J.S.A. 39:4-50(b). The County Court judge had signed the order of September 4, 1973 by mistake.
R. 1:13-1 provides:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party, on such notice and terms as the court directs, notwithstanding the pendency of an appeal.
In 49 C.J.S. Judgments § 243 at 456 (1947), it is stated:
A judgment may properly be amended so as to make it conform to the verdict, findings, or decision where by mistake or inadvertence it has been entered in terms differing therefrom. * * *
It is well established that a court has the power to control its own judgments. Welser v. Welser, 54 N.J. Super. 555, 563-564 (App. Div. 1959); Locher v. Locher, 111 N.J. Eq. 123, 125 (Ch. 1932). It has been held that a court has the power to amend a record which misstates the real verdict, Hansen v. DeVita, 76 N.J.L. 330, 332 (Sup. Ct. 1908); *484 Terminal Cab Co. v. Mikolasy, 128 N.J.L. 275, 277 (Sup. Ct. 1942), or a judgment which misstates the court's opinion, Delker v. Freeholders of Atlantic, 90 N.J.L. 473, 475 (E. & A. 1917). It is clear that a judicial error in entering a judgment caused by mistake can be corrected by the court at any time. King v. Ruckman, 22 N.J. Eq. 551 (E. & A. 1871); Locher v. Locher, supra. It was stated in King v. Ruckman:
I have no doubt that this court has the power at any time to amend its judgment, if it is erroneous by reason of the mis-entry of the clerk, or by reason of any other mistake; or that such judgment may be set aside and treated as a nullity, if it has been procured by fraud, or is the result of misapprehension. [at 554]
Defendant's reliance on State v. Laird, 25 N.J. 298 (1957), is misplaced. In Laird our Supreme Court held that while at common law the record of the court in criminal cases was subject to amendment at any time during the term, including revision of the sentence, a new and different sentence increasing the punishment after the execution of the defendant's sentence had begun could not be imposed by the court. Here, the facts establish beyond question that the County Court judge had not yet rendered his decision at the time he inadvertently signed the final judgment prepared and sent to him by the prosecutor's office. All counsel were aware that the decision of the County Court was still pending. The County Court judge did not knowingly sign the order of September 4, 1973 and clearly had no intention to do so. In fact, the judge in his reported opinion specifically stated, "Defendant is to present himself to the Court for imposition of sentence forthwith." 125 N.J. Super. at 513. Obviously this error on the part of the County Court judge in signing the final judgment should have been corrected, as it was, and we hold that the court below had the power to do so. See State v. Matlack, 49 N.J. 491, 501-502 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967).

*485 V
The State contends that the County Court erred in holding that the inspection certificates of the Breathalyzer instrument were inadmissible without testimony and cross-examination of the State Police coordinator who tested the machine. We agree that the trial court erred in that regard and to that extent overrule that portion of the holding of the County Court below. State v. McGeary, 129 N.J. Super. 219 (App. Div. 1974). However, we affirm the trial court's ruling that the inspection certificates were inadmissible in evidence on the ground that the record reveals that the State failed to authenticate the inspection certificates in any manner, as provided by Evid. R. 67, and failed to lay any foundation qualifying the inspection certificates as business records under Evid. R. 63(13). See State v. McGeary, supra. Furthermore, while we expressly held in State v. McGeary, supra, that such inspection certificates are admissible as reports of a public official by virtue of Evid. R. 63(15), we cannot find that the trial judge abused his discretion here in excluding the inspection certificates, since it appears that the intention of the State to offer them in evidence was not made known to defendant in sufficient time in order to provide him with a fair opportunity to prepare to meet them, as required by Evid. R. 64.
For the foregoing reasons, the judgment of conviction below is affirmed.