LARIO, J.T.C.
Plaintiff has filed a motion for summary judgment to declare void judgments of the Hunterdon County Board of Taxation dated November 13, 1985 and February 18, 1986, which denied farmland assessments and to reinstate the county board’s earlier judgments of September 25, 1985, which had granted farmland assessments to plaintiff’s properties.
Plaintiff initiated the present litigation by filing appeals to the Hunterdon County Board of Taxation to have two of his properties, identified as Block 8, Lots 11 and 12-1 in Bethlehem Township, Hunterdon County assessed as farmland under the Farmland Assessment Act of 1964. The county board heard these appeals and issued judgments dated September 24, 1985 granting farmland assessment status to the two lots. Thereafter, without notice, on November 13, 1985 the county board entered amended judgments denying the farmland assessments and reinstating the original assessments on both lots. Plaintiff appealed the November 13 amended judgments to the Tax Court claiming that they were void. Subsequently plaintiff filed this motion wherein he seeks the relief requested in his complaint and he further asserts that “after the appeal was filed another set of amended judgments dated February 18, *516 1986 were issued” and he includes these latter judgments in his motion.
Defendant admits plaintiffs allegation of the facts related to the 1985 judgments and it adds that at its November 13 meeting the county board did not entertain any new evidence nor did it seek the further participation of the parties; instead, it reexamined its original judgments and determined that they should be amended.[1] Defendant further alleges that the February 18, 1986 judgments are not related to the 1985 tax year which is presently under appeal to this court; but, instead, they were determinations that the subject lots were not entitled to farmland assessment status in the 1986 Bethlehem Township tax list, i.e., the following year. An examination of the photocopies of the judgments attached to plaintiffs motion papers affirms defendant’s latter factual contention; therefore, plaintiff’s motion relating to the 1986 judgments is denied in that appeals from those judgments are not pending before this court.
Plaintiff claims that because there is no provision in the administrative code permitting or governing the procedure for the county tax board to amend its judgments, the Tax Court’s practice and procedure is applicable as required by N.J.A.C. 18:12A-1.15(a) which directs: “In the absence of a rule covering any matter at issue, the rules of the Tax Court insofar as they may be applicable, shall govern.” He argues accordingly that R. 8:10 should be applied and that part (c) of R. 4:49-1 referred to therein governs this issue. R. 8:10 provides:
The provision of R. 1:7-4, R. 4:49-1 and R. 4:49-2 (motion for new trial and motion to alter or amend a judgment) shall apply to Tax Court matters except that all such motions shall be filed and served not later than 20 days after the entry of the judgment or order.
R. 4:49-1(c) states:
On Initiative of Court. Not later than 10 days after entry of judgment the court on its own motion may order a new trial for any reason for which it might *517 have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter the court may grant a motion for a new trial timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.
Plaintiff further argues in that the amended judgments were entered more than ten days after the original judgments and without notice, they are void. He further claims that the county board’s judgments are conclusive unless appealed to the Tax Court and that county boards lack authority to amend their judgments.
Initially the court determines that R. 4:49-l(c) is inapplicable to the county board’s action contested by plaintiff’s motion. This rule governs the ordering of new trials. In the present matters no application was made for a new trial nor did the county board on its own motion grant a new trial; instead it amended its prior judgments. It is concluded that there is no Tax Court rule “that may be applicable,” N.J.A.C. 18:12A-1.-15(a), to preclude a county board from correcting or amending its own judgment prior to the time it loses jurisdiction.
Even if the county board’s action could be equated with an application for a new trial it is doubtful that this rule is binding upon the county boards of taxation because of their peculiar and limited gwcm-judicial jurisdiction. County boards of taxation are required to hear and determine all appeals within three months after the last day permitted for filing appeals. N.J.S.A. 54:3-26. Once the three-month period has expired the county tax board has no further jurisdiction over the appeal. Danis v. Middlesex Cty. Bd. of Tax., 113 N.J. Super. 6, 9, 272 A.2d 542 (App.Div.1977); Brookview Gardens v. Bergenfield, 4 N.J.Tax 625 (Tax Ct.1982), aff’d 6 N.J. Tax 253 (App.Div.1983). Thus, if a county board issued its judgment on the final day of its jurisdiction or less than 20 days prior thereto the 20-day notice requirement of this rule could not be met. Additionally, even where earlier judgments are entered the county board under this rule normally would not have sufficient time to determine the motion, conduct a new trial if granted, and enter final judgment prior to termination of its jurisdiction. The county *518 board’s amended judgments herein are not void for failure to comply with R. 4:49-l(c).
Next to be determined is whether the county board had the jurisdiction and authority to amend its judgments as it did here. Generally, a court has the power at any time to correct an erroneous judgment caused by mistake. King v. Ruckman, 22 N.J. Eq. 551 (E. & A. 1871). A court’s power to control its own judgments was outlined in State v. Connors, 129 N.J.Super. 476, 324 A.2d 85 (App.Div.1974) wherein our Appellate Division stated:
It is well established that a court has the power to control its own judgments. Welser v. Welser, 54 N.J.Super. 555, 563-564, [149 A.2d 814] (App.Div.1959); Locher v. Locher, 111 N.J.Eq. 123, 125 [161 A. 646] (Ch.1932). It has been held that a court has the power to amend a record which misstates the real verdict, Hansen v. DeVita, 76 N.J.L. 330, 332 [70 A. 668] (Sup.Ct.1908); Terminal Cab Co. v. Mikolasy, 128 N.J.L. 275, 277 [25 A.2d 253] (Sup.Ct.1942), or a judgment which misstates the court’s opinion, Delker v. Freeholders of Atlantic Cty., 90 N.J.L. 473, 465 [101 A. 370] (E. & A.1917). It is clear that a judicial error in entering a judgment caused by mistake can be corrected by the court at any time. King v. Ruckman, 22 N.J.Eq. 551 (E. & A.1871); Locher v. Locher, supra. It was stated in King v. Ruckman:
I have no doubt that this court has the power at any time to amend its judgment, if it is erroneous by reason of the mis-entry of the clerk, or by reason of any other mistake; or that such judgment if it has been procured by fraud or is the result of misapprehension. [22 N.J.Eq. at 483-484]
County boards of taxation are not part of New Jersey’s judicial branch of government; however, in hearing tax appeals, county boards are administrative agencies that exercise quasi -judicial jurisdiction. N.J.S.A. 54:3-1, et seq. Because there is no provision in either the administrative code or the court rules prohibiting the county board from amending its judgments prior to its loss of jurisdiction, I conclude that a county board in its quasi -judicial capacity, similar to our courts, has the power and inherent right prior to its loss of jurisdiction to amend and revise judgments on its own motion.
In Stone v. Dugan Brothers of N.J., 1 N.J.Super. 13, 61 A.2d 740 (App.Div.1948) the Appellate Division held that the Workmen’s Compensation Bureau, an administrative agency exercising gwem-judieial jurisdiction, had power comparable to that possessed by the courts to reopen judgments for fraud, mis *519 take, inadvertence, or other equitable ground. This power was recognized as an inherent one apart from any statutory authority. “Its history [specific statutory legislation] suggests that it was intended simply as a grant of additional statutory power and not as a restriction on any pre-existing power.” Beese v. First National Stores, 52 N.J. 196, 200, 244 A.2d 689 (1968).
Here the county board reversed its original judgments on the basis that they were erroneous. Inasmuch as the board’s amended judgments were issued prior to November 15, 1985 and before appeals therefrom were filed with this court, the board had jurisdiction to amend its judgments. Since these appeals will be heard de novo, plaintiff will have every opportunity to establish that the board’s findings and conclusions were incorrect.
I further conclude that plaintiff’s contention that the county board’s action in amending its judgments, without first advising the parties, constituted a violation of the due process clause is without merit. The components of procedural due process are adequate notice, opportunity for a fair hearing and availability of appropriate review, In re Heller Suspension, 73 N.J. 292, 317, 374 A.2d 1191 (1977); Schneider v. East Orange, 196 N.J.Super. 587, 595, 483 A.2d 839 (App.Div.1984), aff'd. 103 N.J. 115, 510 A.2d 1118 (1986), all of which were accorded to plaintiff.
At the original hearing held by the county board plaintiff was accorded all his due process rights. In entering the amended judgments no new evidence was received; instead, its actions were based on the record established at the hearing at which both parties had notice, appeared and participated. There is no allegation that the hearings were not fairly conducted. And not only is there review available to plaintiff, which right plaintiff has exercised, but also the appeals pending in this court are trials de novo and when heard plaintiff again will be accorded all of his due process rights.
Plaintiff’s motion for summary judgment is denied.

 The facts forming the basis of either the original or the amended judgments do not appear in any of the pleadings.