ELLA L. RIGNEY

*v.*

THOMAS G. RIGNEY.

[Filed June 7th, 1901.]

1. Although a decree for alimony does not reserve to the parties a right to apply for a modification of the amount awarded when the circumstances of the parties have changed, yet, under the true construction of the Divorce act, the chancellor may entertain an application of that kind.

Rigney *v.* Rigney.

2. Such application may be by petition in the cause and must be supported by proof of such changed circumstances as justify and require a variation of the amount of alimony allowed.

3. A defendant who resists and evades the enforcement of the decree for alimony would not be permitted to procure a reduction of the amount allowed because of changed circumstances, except upon performance of the decree up to the time when the circumstances are shown to justify reduction.

4. When a defendant has continued to resist the enforcement of the decree up to the time of his death, the court will not entertain the application of his personal representative for a reduction of the alimony which has accrued.

Argued orally September 10th, 1900, and on briefs submitted under an agreement of parties May 15th, 1901.

*Mr. James P. Northrop,* for the petitioner.

*Mr. Maximilian T. Rosenberg,* for the complainant.

MAGIE, CHANCELLOR.

A petition in the above-entitled cause has been presented by Abigail R. Rigney, claiming to be the executrix of the last will of Thomas G. Rigney, late of the state and county of New York, who was the defendant therein.

The petition purports to recite a decree of this court, made in the said cause on the 11th day of June, 1887, whereby the parties to the said cause were divorced from the bond of matrimony and the custody of the two children of their marriage was awarded to the complainant, and defendant was decreed to pay to the complainant alimony *pendente lite,* and alimony from the date of the decree, at the rate of $45 per week for complainant's support and maintenance, and the support, maintenance and education of their children.

It is asserted in the petition that the petitioner intermarried with the defendant on August 27th, 1887, and lived with him as his wife until his death May 23d, 1898, when she was left his widow with four children of their marriage.

The petition also asserts that the deceased, Thomas G. Rigney, left a will, subsequently admitted to probate by the surrogate of

the county of New York, upon which letters testamentary were issued to the petitioner as sole executrix, and that after the said letters were granted to petitioner, the said complainant filed a claim against the petitioner as such executrix, which the petitioner rejected and thereupon the complainant brought an action in the supreme court of the State of New York against petitioner as executrix to recover the amount of alimony alleged to be due upon the said decree from the 4th day of August, 1887, to the death of the defendant.

The petition further asserts that the complainant in this cause intermarried with one Edgar L. Laing, in June, 1889, and lived with him until his death in the latter part of the year 1899, and that the two children of the complainant had resided with the said Laing during that time, and it is asserted (upon the belief of the petitioner) that Laing was, during the continuance of his marriage relation with the complainant, able to support and maintain, and did support and maintain, complainant as his wife.

The prayer of the petition is for an order varying or modifying the former decree in the said cause.

An affidavit of the petitioner is appended to the petition, verifying it as far as the same asserts her own acts and deeds, and her belief of its truth, in respect to what it asserts, as to the deeds of others. The affidavit was sworn to August 20th, 1900.

The complainant presents an answer to the said petition. She thereby admits that a decree substantially such as is set out in the petition, was made in the above-entitled cause, except that the decree in addition adjudged that the defendant should pay the costs of the action.

The complainant, in the answer, asserts that the defendant, before the decree was made, removed from New Jersey, where complainant and defendant had previously resided, and thereafter continued to absent himself from New Jersey, and to remain in the State of New York; that she was compelled to bring an action against the defendant in New York on August 4th, 1887, for the costs and the alimony then accrued, and which the decree adjudged defendant should pay to her; that defendant

contested her right to recover upon said decree through the courts of New York, and in the supreme court of the United States, and after she had secured judgment in her favor, on June 29th, 1897, defendant attempted to evade the payment, and did succeed in evading payment until, by supplementary proceedings, she recovered part of the judgment in his lifetime, and the remainder after his death.

Complainant further asserts in her answer that no part of the alimony decreed to be paid to her has ever been paid, except that which had accrued August 4th, 1887, and which she secured by the judgment above mentioned. The answer further shows that after the death of the defendant, complainant presented to the petitioner, as defendant's executrix, a claim for the alimony which accrued from August 4th, 1887, to his death on May 23d, 1898, and the claim being rejected, she brought suit against the petitioner as his executrix in New York for such alimony, which suit petitioner is resisting. The answer admits the marriage of the petitioner with the defendant, August 27th, 1887, and complainant's own marriage to Laing in June, 1889, and that one of her children by the defendant became of age January 1st, 1895, and the other October 15th, 1897.

The answer further asserts that Laing never contributed to the support of her children, but their support came from the complainant's means and the labor of herself and children.

There is no affidavit annexed to the answer, but it purports to be signed by the complainant, and to have been sworn to September 8th, 1900, before a notary public of New York.

Neither the petition nor the answer has been filed. Both were first presented on May 15th, 1901. This practice is irregular and not to be encouraged.

Upon the petition and answer thus presented briefs have been submitted, and counsel for the petitioner urge that I may and should make some order in conformity with the prayer of the petition.

They do not maintain that the decree in question may be annulled as is prayed for. Manifestly no such course could be taken. It was made in a cause the subject-matter of which was within the jurisdiction of this court, and it has been solemnly

adjudged in the supreme court of the United States that this court had obtained jurisdiction of the defendant against whom it was made. *Laing* v. *Rigney, 160 U. S. 539.* There is no pretence that the decree does not express (as it was finally entered) the real judgment of the court, nor that it was obtained by any fraud or under any mistake.

Nor do they ask that an order should be now made for a modification of the decree as now prayed for, but a reference to a master to ascertain what complainant in equity is entitled to under the decree. · It will be observed that such a reference assumes the right in this court to make a decree, different, not ·in respect to its operation in the future, for that ceased on the death of the defendant, but to its operation in the past.

Under the former practice, a decree awarding permanent alimony contained a clause giving liberty to the parties to the cause to apply, on future change of circumstances, for a variation and modification of the decree as to such alimony. An example of this practice will be found in the decree appended to the opinion of Chancellor Pennington in *Richmond* v. *Richmond, 1 Gr. Ch. 91.* See also *Miller* v. *Miller, Sax. 386; Snover* v. *Snover, 2 Beas. 261; 2 Bish. Mar. & D. § 428.*

Under a New York statute conferring jurisdiction to decree permanent alimony, but without providing for subsequent variation or alteration of the decree, it was held that a decree once made was irrevocable notwithstanding changed circumstances. *Walker* v. *Walker, 155 N. Y. 77.*

By the legislation in this state now contained in section 19 of the Divorce act (*Gen. Stat. p. 1269*) this court has been empowered to make such order respecting alimony "as from the circumstances of the case shall be fit, reasonable and just." This language, standing alone, might reasonably be construed to give jurisdiction to alter and vary the allowance made thereunder according to the changed circumstances of the parties. But such a construction is required to be given to that language in view of the subsequent provision in the same section for the sequestration of the property of the defendant, which is expressly declared to be applicable to the maintenance and allowance fixed by the decree, or to "such maintenance and allowance as to the said

Rigney *v.* Rigney.

court shall from time to time seem reasonable and just." Such was the view expressed by Chancellor Pennington. *Richmond* v. *Richmond, ubi supra.*

Application to vary a decree in this respect may be made by petition in the cause. *Snover* v. *Snover, supra; S. C., 2 C. E. Gr. 85.* Such an application is not one involving a review of the propriety of the decree as made. It must exhibit changed circumstances and new facts which have arisen since the decree. To succeed on such an application, there must be clear proof of such new facts and circumstances as will justify and require a variation in the amount of alimony allowed, either increasing or diminishing it. *2 Bish. Mar. & D. 429, 429a, 433.* There must appear to be cogent reason for diminishing the amount of alimony. *Barrett* v. *Barrett, 14 Stew. Eq. 139.*

The statutory jurisdiction to vary the amount of alimony from time to time, which is found in this legislation, will not, in my judgment, be ousted because the decree has omitted to reserve to the parties the right to apply for such variation.

The defendant in the original action, therefore, had a right to apply for and urge the reduction of the amount of alimony allowed by the decree, upon proof of changed circumstances and conditions.

The claim of petitioner is, that upon complainant's marriage to Laing the defendant could have so applied, and upon proof of such marriage this court would have diminished the amount allowed by so much as was included therein for complainant's support and maintenance. What this reduction would have been, if any was proper to be made, does not appear. It is not claimed in the petition, but yet it is obvious, that the defendant might have also applied for a reduction of the amount allowed by the decree when the children for whose support and maintenance the decree was in part made came to years when they became self-supporting, or at least when they became of age. In *Snover* v. *Snover, supra,* the chancellor suggested that a defendant in similar circumstances might apply for a reduction of the allowance made in respect to a female child when the child had attained the age of eighteen years.

The defendant in the action neglected to present to the court

the suggested changes of circumstances or to ask the variation or modification of the decree on either ground. The petition discloses no reason for such neglect, but on the facts disclosed by the answer it is apparent that the cause was his continued and obstinate resistance to the decree, and his purpose not to perform it by paying the alimony. An application on his part would not have moved this court to give him relief by reducing the alimony, except upon condition that he should obey the decree at least by payment of the alimony up to the time when the changed circumstances were shown to exist and to justify the reduction. While resisting the decree (and, according to the answer, his resistance continued until his death), he manifestly had no right to relief. What he could not have done while he lived his executrix, in my judgment, may not do after his death. The decree which he resisted and neglected to assail by an application for variation must stand unvaried.

How far the decree is binding on the executrix or the estate which she is administering in a foreign state is not for this court to determine.

The relief applied for must be denied and the petition dismissed, with costs.