DAVID F. PLAHN, administrator, &c., respondent,

*v.*

CHARLES GIVERNAUD et al., appellants.

[Argued June 17th, 1915. Decided November 15th, 1915.]

In a suit by a divorced wife to set aside the decree of divorce and restore her marital status, so that she might enforce against her deceased husband's estate a claim which otherwise would be barred by limitations, the bill was dismissed on January 9th, 1913. Act May 15th, 1907 (*P. L. 1907 p. 452*), which was then in force, required appeals from final decrees of the court of chancery to be taken within one year, and no appeal was so taken within such time. Act March 30th, 1914 (*P. L. 1914 p. 133*), provided that where final decree had theretofore been filed, or might thereafter be filed, the chancellor might, in his discretion, by an order made not more than six months after the time limited for taking an appeal, extend the time for appealing.—*Held*, that the later act is retroactive in its operation, and that the decree in the present case is within its purview.—*Held*, further, that as the decree conclusively settled the right of the defendants to hold the property of their decedent's estate free from the claim of the wife, and therefore established a property right which became vested by the expiration of the time within which an appeal might have been taken, this right could not thereafter be impaired by legislative enactment, and that the act of 1914 so far as it operated to revive the right of appeal after it had expired and property rights had become vested, is unconstitutional.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported in *81 N. J. Eq. 66*.

*Mr. Gilbert Collins* and *Mr. Dougal Herr,* for the appellants.

*Mr. J. W. Rufus Besson* and *Mr. Maximilian T. Rosenberg,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

In May, 1910, Jeanne M. J. Givernaud, a resident of the Republic of France, filed her bill in this cause, seeking thereby to have set aside and declared void, upon the ground of fraud practiced upon the court of chancery, a decree entered in that court in February, 1872, divorcing her from her husband, Barthelemy L. Givernaud, and to have her marital status restored, so that she might enforce against his estate (he having died in January, 1908) a claim of some $9,000, with interest, which was founded upon a judgment recovered by her against her then husband in one of the French courts in the year 1866. The defendants having answered, the cause having come on to be heard, and the merits of the case having been adjudged in favor of the defendants, a decree was entered dismissing the bill upon the 9th day of January, 1913. More than a year thereafter, and on January 19th, 1914, Mrs. Givernaud died, without having appealed from the decree. In June of that year her administrator obtained an order from the court of chancery substituting him as the complainant in the cause, and a further order authorizing him to take an appeal from the decree on or before the 8th day of July then next. The present appeal is taken from this latter order.

At the time of the making of the final decree in this cause the complainant was required, in case she desired to appeal therefrom, to take such appeal within one year after such decree was made. *P. L. 1907 p. 452.* By force of this statutory provision, therefore, her right to appeal was determined on the 8th day of January, 1914, eleven days before her death. On the 30th day of March, 1914, the legislature amended the act of 1907 by adding thereto the following:

"Provided that in all cases where final decree has heretofore been filed, or may hereafter be filed, the chancellor may in his discretion, by order made not more than six months after the time herein above limited for

taking an appeal, extend the time of the appellant for taking his appeal for a period not exceeding six months from the expiration of the time so limited."

It was pursuant to this enactment that the chancellor made the order appealed from, and the contention of the appellants before us is that the chancellor's order was improvidently made, first, because the statute is not retroactive, and second, because, if it is to be given such effect, it violates vested rights of the defendants and is, therefore, unconstitutional.

We think the first of these contentions is unsound. We admit, of course, the soundness of the rule that statutes are to be so construed as to give them prospective operation only, if such construction is reasonably possible, but are clear that this rule has no application to the present enactment, because the legislative intent that the provision should have retroactive operation is plainly manifested by the use of the words "in *all* cases where final decree has *heretofore* been filed, or may hereafter be filed." To hold otherwise would be to eliminate the words "all" and "heretofore," the latter of which is used in contrast with the word "hereafter" which follows it in the clause.

This brings us to a consideration of the second ground of attack upon the order, namely, that the statute is void, so far as the present defendants are concerned, as interfering with vested rights. It is to be remembered that the primary purpose sought to be accomplished by the bill in the cause was to place Mrs. Givernaud in such a position (by restoring her status as the wife of her former husband) that she could enforce against his estate a claim which was otherwise long since barred by the statute of limitations. The effect of the final decree, therefore, unless reversed on appeal, was to conclusively settle the right of the defendants to hold the property of their decedent's estate free from the claim which Mrs. Givernaud sought to enforce against it; and this right became absolutely vested on the 9th day of January, 1914, when the time within which the complainant was entitled to appeal expired under the statute then existing. The decree having established a property right, and that right having become vested by the expiration of the time within which an appeal might have been taken, it could not thereafter be impaired

by legislative enactment. This is the doctrine declared by the court of appeals of New York in *Germania Savings Bank* v. *Suspension Bridge, 159 N. Y. 362,* and by the supreme court of Maine in *Atkinson* v. *Dunlap, 50 Me. 111.* It is fully supported by the reasoning of Chief-Justice Beasley in the opinion delivered by him in our supreme court in *Ryder* v. *Wilson's Executors, 41 N. J. Law 10,* and by that of Mr. Justice Dixon, speaking for this court, in the case of *Moore* v. *State, 43 N. J. Law 203,* and meets with our entire approval. We are not to be understood as denying the power of the legislature to extend the time to appeal before that right has expired by limitation. What we do determine is that a statute like that which we have been discussing is unconstitutional, so far as it operates to revive a right of appeal after it has expired under then existing law, and property rights have thereby become vested.

The order appealed from must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—15.