CARMINO MISCIA

*v.*

GUISEPPA MISCIA.

[Decided November 19th, 1923.]

On appeal from the court of chancery.

*Mr. Thomas Brunello,* for the appellant

*Mr. Charles E. S. Thorne,* for the respondent.

PER CURIAM.

The bill in this case was filed by a husband against his wife, praying a decree of divorce upon the ground of adultery committed by her. The hearing resulted in a decree in his

favor, and the defendant has appealed upon two grounds, each of which, we think, is without merit. The first is that the evidence submitted on the hearing in the court of chancery was insufficient to justify a finding of adultery on the part of the wife.

A recital of the facts proved in the case which support the allegations of the petition would serve no good purpose. It is sufficient to say that, in our opinion, they are convincing of the truth of the charge laid against the defendant.

The only other ground of appeal is that the court of chancery, after adjudging the right of the husband to a divorce, awarded the custody of the young children of these parties to the wife, and, having done that, fixed the sum of $8 per week as an allowance to be made for their support and to be paid by the petitioner to the defendant; which sum, it is now contended before us, is plainly insufficient for the purpose to which it is to be devoted. But, assuming the fact to be as the appellant claims, the insufficiency of the allowance affords no ground for reversing the decree, for the reason that, after fixing the amount, it was provided therein that a modification in this respect might be applied for at any time in the court of chancery, and that such modification would be made upon good cause shown. If the allowance be, as the appellant claims, insufficient for the support of the children, her proper course is to apply to the court of chancery to have it increased.

The decree appealed from will be affirmed.

*For affirmance* — THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON, VAN BUSKIRK—10.

*For reversal*—None.