ANNA M. SCHAEFFER, petitioner-respondent,

*v.*

FLOYD G. SCHAEFFER, defendant-appellant.

[Submitted May term, 1935. Decided October 9th, 1935.]

*Messrs. Hopkins, Vorburger & Dickson,* for the appellant.

*Messrs. Walscheid & Rosenkranz,* for the respondent.

The opinion of the court was delivered by

WELLS, J.

This is the husband's appeal from an order of the court of chancery awarding the wife permanent alimony of $15 per week.

The wife filed a petition for divorce from her husband on June 2d, 1919, on the ground of adultery. Neither the decree *nisi* nor final decree entered October 11th, 1920, in her favor provided for alimony. During the pendency of the suit, however, an order requiring the husband to pay her $35 per week for her support and that of the two minor children of the marriage until the further order of the court, was made, and weekly payments at this rate were made by the husband until January 1st, 1932, when they were reduced by him to $25 per week, and on March 30th, 1933, further reduced to $20 per week and on October 23d, 1933, discontinued, whereupon the wife filed her petition for permanent alimony. The advisory master after hearing the testimony as to the resources of the husband and wife, advised the decree appealed from.

The husband gives as a reason for stopping his payments that the wife's financial condition and her personal earnings as a school teacher are such, when compared with his present income, that he should be relieved from the duty of making further payments.

Both daughters are now married and self-supporting. The husband remarried and is supporting his second wife.

Counsel for the husband in their brief say: "The only question in this case is therefore what claim has this wife against this husband from whom she has been separated for seventeen years, who has nobody to support but herself and whose net income is $2,448 per year, who owns a two-family

house in which she lives, free of mortgage, with five to six thousand dollars worth of negotiable income producing securities, against the husband endeavoring to support himself and his wife out of $46 a week."

The testimony indicated that the wife had a net income of less than $2,200 per year, and she argues that the testimony of her husband shows that while he limited his withdrawals from the company of which he is the sole owner to $46 a week, or $2,392 per year, they do not reflect his earning capacity, and do not take into account the fact that he owns stock in the company worth at book value over $60,000; that his home lot and summer camp are worth $13,700, a total of over $75,000.

Counsel for the husband, alluding to the cases of *Dietrick* v. *Dietrick, 88 N. J. Eq. 560, and Dinnebeil* v. *Dinnebeil, 109 N. J. Eq. 594,* in this court, and *Andreas* v. *Andreas, 88 N. J. Eq. 130,* in the court of chancery, cited by the advisory master in his conclusions, say that these cases offer no solution except to indicate that no alimony should be paid in a case such as this where the wife's income equals that of the husband.

We do not so interpret the rule laid down in these cases.

Mr. Justice Trenchard, speaking for this court in *Dietrick* v. *Dietrick, supra,* said:

"No rigid standard can be set up whereby to measure in every case the amount of permanent alimony for the support of the wife, but it is usually about one-third of the husband's income. The amount is not fixed solely with regard, on the one hand, to the actual needs of the wife, nor, on the other, to the husband's actual means. There should be taken into account the physical condition and social position of the parties, the husband's property and income (including what he could derive from personal attention to business), and also the separate property and income of the wife. Considering all these and any other factors bearing upon the question, the sum is to be fixed at what the wife would have the right to expect as support, if living with her husband."

While there was a conflict in the testimony as to the net earnings and holdings of the wife and the income, wealth

and ability to earn of the husband, our examination of the evidence leads us to the conclusion that the court below was justified in its finding on the facts, and in its application of the law pertinent thereto.

The decree will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 15.

*For reversal*—None.