HARRY RAIKEN and VICTORY GRANITE COMPANY,
complainants,

*v.*

MONTEFIORE CEMETERY ASSOCIATION, INCORPORATED, et al.,
defendants, and ROSE WHITE, appellant.

[Argued October 27th, 1937.   Decided January 26th, 1938.]

Mr. *Emerson L. Richards* (*Harry Green*), for the appellant.

Mr. *James L. R. Rafferty* (*Emanuel P. Scheck,* of counsel), for the respondent Simon L. Fisch, receiver.

The opinion of the court was delivered by

PARKER, J.

Section 111 of the Chancery act, as amended in 1914 (*P. L. 1914 p. 133; Cum. Supp. Comp. Stat. 1924 pp. 269, 270*), permits an appeal from final decrees, in general, within one year; and by a proviso added in 1914 enacts that "the Chancellor may in his discretion by order made not more than six months after the time hereinabove limited for taking an appeal, extend the time of the appellant for making his appeal for a period not exceeding six months from the expira-

tion of the time so limited." We have before us an extreme case under this statute. The decree (a final one) was made on December 10th, 1930. The application for extension of time to appeal was made on June 9th, 1932. At that time the year had expired, and the additional six months period was within a day of expiring, when the chancellor made a "discretionary" order, obviously based on the statute, and permitting appeal not later than the following day, which would be the last day of the six months. Appeal was accordingly taken by notice duly served and filed on June 10th, 1932. So far as appears, it is still in good standing in this court. With this, and particularly with the lapse of time without bringing that appeal on for hearing, we are not at present directly concerned, as the appeal now before us is from a different order. After the appeal of June 10th, 1932, opposing counsel represented to the court of chancery that the order extending the time had been improperly procured and improvidently made, and after due hearing, that court made a further order revoking and annulling the order extending the time to appeal. It is this order of revocation that is in turn appealed and is now before us. It is based on an order to show cause, obtained by the receiver of the corporate defendant on June 14th, 1932, five days after the order extending time to appeal. The order making that order to show cause absolute, and now before us for review, is dated December 15th, 1936. As already noted, we are not presently concerned with the lapse of time. The determinative question is whether the court of chancery had jurisdiction to make the order of revocation now under appeal.

Nearly fifty years ago, in the case of *Barton* v. *Long, 45 N. J. Eq. 160,* the facts were that the notice of appeal in a chancery case had been served and filed in due time, but petition of appeal had not been filed until after the expiration of the period. It was urged that there was no appeal until petition was filed. Speaking through the late Chief-Justice Beasley, we said: "But this court entertains the opposite view. We think that it is the notice of appeal in the court of chancery that is possessed of complete appellate

efficacy, so much so, that when such notice has been filed, the cause to which it relates is, *ipso facto,* placed under the control of this court. The language of the rules of the court, existing from the earliest times, cannot be harmonized with any other view." See, also, *Clark* v. *Haines, 4 N. J. Eq. 136; Hillyer* v. *Schenck, 15 N. J. Eq. 398.*

It is of course true that in certain incidental matters, notably in regard to preservation of the subject-matter, the court of chancery retains jurisdiction pending appeal. *Pennsylvania Railroad Co.* v. *National Docks, &c., Co., 54 N. J. Eq. 647,* and other cases. But this is not the question in this case; rather it is the question whether after appeal, the court appealed from can act to nullify the entire appeal. In the present case, the chancellor, as a matter of record, extended the time to appeal. Up to the filing of the notice of appeal within the time limited by the order, the chancellor had power to modify or revoke it. But we consider that when the notice of appeal was filed in the court below, that power had expired, and it became the function of the appellate court alone, on motion to dismiss or some similar procedure, to determine the matters which the court of chancery undertook to determine herein and as now presented to us. Such was the view of the United States supreme court in *Keyser* v. *Farr, 105 U. S. 265; 26 L. Ed. 1025,* citing *Draper* v. *Davis, 102 U. S. 370,* and distinguishing *Goddard* v. *Ordway, 101 U. S. 745,* relied on by respondents. The latter also rely on *United States* v. *Benz, 282 U. S. 304; 51 Sup. Ct. 113;* but in that case while there was no appeal or other review pending, the trial court modified a sentence partially served, but within the term. It has no application here. The rule in *Keyser* v. *Farr* is also that of the supreme court of errors of Connecticut. *McDonald* v. *Newman, 112 Conn. 596; 153 Atl. Rep. 296.* We consider it the correct rule.

The order vacating the extension of time is accordingly reversed, but without prejudice to an independent consideration of the merits by this court.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 12.