NORMAN BAMBERG, complainant-respondent, complainant-appellant,

*v.*

IDA MAY BAMBERG, defendant-appellant, defendant-respondent.

[Argued February 8th, 1938. Decided May 11th, 1938.]

*Messrs. Schotland & Schotland* and *Mr. Philip J. Schotland,* for the complainant.

*Mr. Nathan A. Whitfield* and *Mr. Milton M. Unger,* for the defendant.

PER CURIAM.

Both husband and wife appeal from a decree of the court of chancery dismissing the husband's petition for divorce on the ground of extreme cruelty and denying the separate maintenance sought in the counter-claim of the wife.

The parties were married in 1919 and continued to live together as man and wife until late in the year 1935; marital relations ceased October 27th, 1935, according to the husband, and November 25th, 1935, according to the wife. At the time of the hearing the parties still lived in the same house, together with their son, Harold. Apparently the relations between the parties were harmonious until 1930 or 1931.

Shortly after their marriage in 1919, Mr. and Mrs. Bamberg established a dress store, a business in which the wife had had considerable experience, and both worked in this store until 1930, except for a period in 1921 when the wife was absent for a short while at the time of the birth of the son. Mrs. Bamberg was out of the store for an operation in 1930, and when she recovered the husband insisted that she should stay at home to care for the house and the then ten-year-old son. As the court below pointed out, his anxiety that his wife should stay at home after she had worked in the store for ten years after the birth of the child, is a little difficult to understand and may have been motivated by other thoughts than the care of the home and the family.

At about this time, financial disputes arose resulting in a settlement by which the wife received some $6,000 from the husband, $1,500 in cash and the balance in jewelry and building and loan association shares. She was very desirous of returning to the store and finally did so. Things were not made pleasant for her, however, and she left in March, 1934, and opened a similar store of her own. She says her husband consented to this, but he says he consented merely that she open a store for sport dresses, which would not be fully competitive. Thereafter and in September, 1934, the wife filed a bill in chancery seeking to have it decreed that she had an interest in the business operated by the husband. This was

determined against her contention by a decree entered in October, 1935. During all this time the parties had been cohabitating as husband and wife.

The petitioner-appellant alleges that the conduct of the wife with relation to their business affairs amounted to extreme cruelty and entitles him to a divorce upon that ground. We think, however, from our examination of the testimony that it does not have that character, and further agree with the holding of the advisory master that, if it did have such character, it must be considered as having been condoned by the husband. By his own admission sexual relations between the parties continued until October, 1935. Everything that occurred before the cessation of these relations must be considered to have been condoned. There was nothing conditional about the condonation. It was merely a continuance of their normal relations, which had never stopped.

The petitioner also relies upon certain alleged acts of physical cruelty committed by the wife. He testified the wife threatened to kill him, threw things at him, cursed at him, stayed out late at nights, &c. From our examination of the record we agree with the finding of the advisory master that these allegations are for the most part unsupported by the evidence and must fall for want of proof. As to others, they were provoked by conduct on the part of the petitioner, and in any event there is no sufficient showing of cruelty to warrant a divorce. One attack upon which particular emphasis is placed is fixed on October 27th, 1935, which is the day the husband says marital relations stopped. This is the last act of cruelty complained of in the petition. On this occasion, according to petitioner, he heard his wife beating their son in the morning and he went to stop her. A fight occurred in the course of which she chased him with a knife. The wife's version is that the husband called her a "whore" within the hearing of the son. She saw the boy laughing and sought to chastise him. In the ensuing argument she did not chase her husband with a knife but threw the lid of an ash tray at him. This outburst on the part of the defendant appears to have been provoked by the conduct of the husband, and we

fail to see anything in it or in any of the testimony of the other alleged acts of cruelty to justify a divorce.

There was testimony of a doctor to the effect that petitioner had arterio-sclerosis, but there was insufficient evidence to connect this condition with the alleged acts of cruelty, assuming such acts were proved. The rule as stated by Mr. Justice Lloyd for this court in *Rosengren* v. *Rosengren, 115 N. J. Eq. 283,* is "Extreme cruelty is such conduct as endangers the health or safety of the injured party, either actually inflicted or reasonably apprehended. It is not every act of violence that meets this standard."

We are of the opinion, therefore, that the decree in so far as it dismisses the petition of the husband should be affirmed.

The court of chancery dismissed the wife's counter-claim on the ground that her husband had not failed to provide for her. The situation is that she is living in the same house and, it would appear from the testimony, is served her meals if she is at home on time for them. If she is not, she must make other provisions for eating. The maid is under the complete control of the husband and apparently is instructed to make things as uncomfortable for the wife as possible. She does not take care of defendant's room. When Mrs. Bamberg attempted to hire a maid to take care of her room and prepare her meals, the petitioner put the maid out of the house. This is not a very comfortable way to live, but defendant is provided by the petitioner with a house and with food. Of course, she is entitled to more than mere food and shelter, but she is operating a business established with funds received from her husband, and we agree with the finding of the advisory master that the proofs are inadequate to establish that her needs are not sufficiently provided for from this source.

That part of the decree which dismisses the counter-claim of the wife for maintenance is likewise affirmed.

*For affirmance*—PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 12.

*For reversal*—None.