As noted in the previous opinion of this court, reported in123 N.J. Eq. 168, the decree in chancery dated December *Page 245 
10th, 1930, was the subject of an appeal, the notice of which was filed on June 10th, 1932, the last day contemplated by the statute then in force (P.L. 1914 p. 133) for appeal from a final decree; and then only in case of an extension of time granted by order of the chancellor. That order of extension was attacked by the receiver, not in this court, but in the court of chancery, on the ground of laches and of fraud in its procurement; and the vice-chancellor who heard the matter held, in an unreported "memorandum" filed August 5th, 1932, (a) that Rose White, intervening appellant, though not previously a party to the record, was entitled to appeal; (b) that the decree was not interlocutory, but final in character; but (in a subsequent deliverance) that the court of chancery even after filing of the notice of appeal had power to inquire into and adjudicate the question of laches, and fraud in the procurement of the extension, and after the reception of evidence on those points he held that fraud had been shown, and advised the order purporting to annul the appeal, which order was reversed in the case cited. On the return of the record to the court of chancery, that court made the customary order that the decree of reversal be made the decree of the court of chancery; but the vice-chancellor, in a further memorandum (unreported) held that the costs of the hearing in chancery on the issues of fraud and laches, particularly the former, in view of the findings of fact thereon, should be paid by the appellant to the receiver, together with a counsel fee of $1,000. Order was made accordingly, and the present appeal is from so much of that order as undertakes to award costs and counsel fee against the successful appellant.
Granting the power of the court of chancery to award costs against a successful litigant, which seems well settled in a proper case, we do not think the present case is one for the exercise of that power. If the appeal was not taken in good faith, and that fact were made to appear to the appellate court, that court would naturally dismiss it. Applications of this sort are considered and disposed of by this court, generally speaking, at every term; and the appellate tribunal is the proper one to pass on the bona fides of an appeal brought *Page 246 
before it by the prescribed course of procedure. The good faith of the appeal was not discussed in our former decision, and for the very reason that in our estimation it was not relevant to the matter in hand, and on this present question of costs, we consider that though it may perhaps be relevant, it is not determinative.
As we read the decision of the vice-chancellor on which the the clause awarding costs and counsel fee to the receiver is based, that award is made upon the ground that the protracted litigation over the appeal in chancery was caused by the fraud of the present appellant. It is true that litigation was founded on a claim that the extension of time to appeal was procured by fraud; but that litigation was begun by the respondent, and erroneously, in the court of first instance rather than in the appellate court. We gather from what is said in the last "conclusions" of the court below, that the point was made before that court and prior to the taking of any testimony, that if the good faith of the appeal was to be questioned, this would be a matter to be decided by the appellate court, to which the cause had been transferred; but counsel for the receiver, and the court below, took the opposite view, and as appellant was thereby put to her defense on the merits, she should not be charged with the costs incurred in making that defense. But for the action of the receiver's counsel in taking out the order to show cause, and in following it up by protracted hearings, over the objection stated by appellant, those costs would not have been incurred.
We conclude that under the circumstances the award of costs and counsel fee in the decree on remittitur was improper and should be set aside.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15. *Page 247