Jane Oliver, complainant-cross-appellant,

*v.*

Walter F. Oliver, defendant-appellant.

[Argued February 9th, 1940.   Decided May 21st, 1940.]

*Messrs. Haines & Chanalis (Mr. Michael N. Chanalis,* of counsel), for the appellant.

*Mr. Samuel L. Biber (Mr. Sam Mendelsohn,* of counsel), for the cross-appellant.

The opinion of the court was delivered by

PERSKIE, J.

Neither the husband nor the wife is entirely satisfied with the decree entered in their matrimonial controversy. This decree has for its origin a bill which the wife caused to be filed for suitable support and maintenance. By her bill she charged that her husband, without justifiable cause, abandoned and separated himself from her and that he refused and neglected to maintain and provide for her. *R. S. 2:50-39.* The husband, by his answer, denied the wife's charges and additionally counter-claimed for an absolute divorce on the ground of extreme cruelty. *R. S. 2:50-2(c).* Notwithstanding the answer thus filed, the husband conceded his abandonment of and separation from his wife but sought to justify his conduct on the same ground (extreme cruelty) upon which, as already observed, he also sought an absolute divorce from his wife.

The advisory master who heard and considered the proofs submitted by and for the respective parties determined that

the wife had satisfactorily sustained her charges and that the husband had failed to justify his conduct or to sustain his counter-claim. Accordingly, the advisory master advised a decree (it was entered on July 6th, 1939) dismissing the husband's counter-claim and ordering the husband, among other things not pertinent here, to pay his wife the sum of $10 a week for her support and maintenance. To the extent hereinafter indicated, both parties appeal from the decree so entered.

The husband's appeal is based upon the sole ground that, under the proofs exhibited, the advisory master should have determined that he was justified in his abandonment of and separation from his wife because of her extreme cruelty towards him, and that his counter-claim should have accordingly been sustained. The stated ground of appeal is without merit. To justify a divorce upon the ground of extreme cruelty, the conduct complained of must be such as to endanger the safety of the person or the health of the aggrieved party, either actually inflicted or reasonably apprehended. *Cavileer* v. *Cavileer, 94 N. J. Eq. 160, 163; 119 Atl. Rep. 101; Rosengren* v. *Rosengren, 115 N. J. Eq. 283, 285; 170 Atl. Rep. 660; Bamberg* v. *Bamberg, 123 N. J. Eq. 570, 573; 199 Atl. Rep. 54.* It will serve no useful purpose to review the proofs. It will suffice if we observe that we have carefully considered them and are satisfied they fail to meet the required test. The advisory master properly dismissed the husband's counter-claim.

The wife's appeal is based upon the sole ground that, in the circumstances of the case at bar, the allowance of $10 a week is insufficient.

At the threshold of our consideration and determination of this appeal upon the merits, we are met with a motion (No. 28, October term, 1939), to dismiss the wife's appeal on the basic ground that this court is without jurisdiction to entertain it. We decided to withhold the disposition of this motion until the case was considered and decided on the merits.

The facts which give rise to the motion are as follows: The husband filed his notice of appeal on October 3d, 1939.

The wife failed to file her appeal within three months from July 6th, 1939, the date of the filing of the final decree. *R. S. 2:29-119*. She, however, obtained an *ex parte* order, on October 20th, 1939, from the Chancellor extending the time of her appeal for a period not exceeding thirty days from October 6th, 1939. She actually filed her notice of appeal on October 23d, 1939.

Three grounds are urged in support of the motion to dismiss.

1. It is argued that since this cause was removed to this court by the husband's appeal, and since the time within which the wife could have appealed had expired, the Chancellor was without power to extend the time within which the wife could have taken her cross-appeal.

This argument is without merit. The time within which the wife could have appealed had not expired since the legislature has specifically provided that the Chancellor may, in his discretion, extend the time for appeal by an order made within thirty days of the time limited for appeal. *R. S. 2:29-119*. We construe this statute as one limiting the time for appeal from final decrees to three months and thirty days. Appeals taken within three months of the entry of a final decree are taken as a matter of right, those taken within the thirty-day period may be taken only upon the order of the Chancellor who, in his discretion, depending upon the particular circumstances of each case, may grant or refuse the right of appeal. The order permitting the appeal in this case was entered well within the thirty-day period and there is no proof before us even intimating that the Chancellor, in granting the order, abused the discretion vested in him by the legislature.

Nor does the fact that the husband perfected his appeal prior to the order granting permission to the wife to appeal, deprive the Chancellor of jurisdiction to enter such an order, upon the ground that the entire cause was under the control of this court from the time of the perfection of the husband's appeal. *Barton* v. *Long, 45 N. J. Eq. 160, 161; 16 Atl. Rep. 683; Raiken* v. *Montefiore Cemetery Association, Inc., 123 N. J. Eq. 168, 169, 170; 196 Atl. Rep. 473.* Chancery

retains jurisdiction "in certain incidental matters notably in regard to preservation of the subject-matter" (*Raiken* v. *Montefiore Cemetery Association, Inc., supra* (at *p. 170*); *Pennsylvania Railroad Co.* v. *National Docks and N. J. J. C. Railway Co., 54 N. J. Eq. 647; 35 Atl. Rep. 433*), until the time granted all parties affected by the decree to appeal has expired. No person affected by a decree who has acted within the time limit prescribed by the legislature, as the wife here, can be deprived of his or her right of appeal simply because one of the other parties affected by the decree has first appealed therefrom. The question here is not one of priorities. The question is whether the wife properly invoked the jurisdiction of this court. Our answer is in the affirmative.

2. It is next argued that the wife has no right of appeal on the ground of the insufficiency of the award.

The argument made is that the wife was obliged, in the first instance, to make her application for any increase of the allowance to the court below. In support of the argument made reliance is placed upon that portion of the decree which provides "* * * that either party be at liberty to apply, upon future change of circumstances of the parties, for a variation or modification of this decree, concerning the support or the maintenance of the complainant, as shall be equitable and just."

The fallacy of that argument is that the decree here, unlike the decree in each of the typical cases of *Rigney* v. *Rigney, 62 N. J. Eq. 8; 49 Atl. Rep. 460; Greenberg* v. *Greenberg, 99 N. J. Eq. 461; 133 Atl. Rep. 768,* and *Parmly* v. *Parmly, 125 N. J. Eq. 545; 5 Atl. Rep. (2d) 789,* is not based upon an after accruing change of circumstances of the parties. The decree here was based on the proofs as to the husband's ability suitably to support and maintain his wife. The wife seeks to review the propriety of the decree based upon the proofs thus adduced. From a decree so entered she is entitled to appeal directly to this court. Typical cases are *Robins* v. *Robins, 106 N. J. Eq. 198; 150 All. Rep. 340; Schaeffer* v. *Schaeffer, 119 N. J. Eq. 27; 181 Atl. Rep. 62,* and *McNeel* v. *McNeel, 126 N. J. Eq. 255; 8 Atl. Rep. (2d) 572.* The

holding by this court to the contrary in *Miscia* v. *Miscia, 95 N. J. Eq. 260; 122 Atl. Rep. 823,* is entirely out of harmony with our holding in the last cited typical cases and is, therefore, expressly overruled.

3. Lastly, it is further argued that the Chancellor was without power to allow the wife further time to appeal after her time within which to appeal had expired. In support of that argument it is urged that the husband acquired vested rights in the decree on October 6th, 1939, and that those rights could not be disturbed, and that to the extent that *R. S. 2:29-119* gives to the Chancellor the discretionary power to disturb those rights, it is unconstitutional. *Plahn* v. *Givernaud, 85 N. J. Eq. 143; 96 Atl. Rep. 40; Smith* v. *Walton, 96 N. J. Eq. 421; 125 Atl. Rep. 878.*

We find it unnecessary to express any opinion, nor are we to be construed as so doing, as to whether the decree directing the payment of alimony conferred any vested rights in the husband. For even were we to assume that vested rights could be conferred by such a decree they could not be considered as vested until the time for appeal had expired. And, as we have already seen, the appeal by the wife in this case was taken within the time prescribed by the statute.

The facts upon which this court based its decision in *Plahn* v. *Givernaud, supra,* are concededly distinguishable. In that case the act of 1914 (*P. L. 1914 p. 133*), was passed after the decree was entered and it operated to revive the right of appeal after it had expired and property rights had become vested.

The facts in the Chancery case of *Smith* v. *Walton, supra,* are not materially unlike the facts in the case at bar. But be that as it may, when the Court of Errors and Appeals observed that the appeal in *Raiken* v. *Montefiore Cemetery Association, Inc., supra* (at *p. 169*), was in "good standing" it inferentially, at least, follows that we regarded and treated the right granted to the Chancellor further to extend the right of appeal as a proper exercise of power. In order, however, to remove any future doubt we now expressly hold that *R. S. 2:29-119,* which merely shortens the time prescribed in the act of 1914, *supra,* for the taking of an appeal from

a final decree and the time within which and for which the Chancellor may exercise his discretionary power further to extend the time of appeal, is constitutional. We do not choose to subscribe to the contrary view taken by the Court of Chancery in *Smith* v. *Walton, supra,* as to the act of 1914, *supra.*

Accordingly, the motion to dismiss the wife's cross-appeal is denied with costs.

We now turn to the merits of this appeal. Is the amount of $10 a week, as it is claimed to be, insufficient? We think so.

The husband works for a national manufacturing company as its assistant personnel manager. His salary is $70 a week. In addition thereto he earns a bonus. His salary plus his bonus average about $75 a week. Eliminating all other assets of the husband and giving due regard to his other obligations, we are satisfied that the allowance made is entirely insufficient. We think it should be $20 a week.

As a result of what has been written, the decree in case No. 213 (husband's appeal) is affirmed with costs; in case No. 214 (wife's cross-appeal) the cause will be remanded to the court below with instructions that the decree be modified so that the wife shall receive the sum of $20 a week from July 6th, 1939, and as so modified it is hereby affirmed, with costs.

No. 213 with No. 214—

*For affirmance*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.

No. 214 with No. 213—

*For affirmance*—DONGES, WELLS, JJ. 2.

*For modification*—THE CHIEF-JUSTICE, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.