LARIO, J.T.C.
Defendants, Maimón & Smith, have filed motions for summary judgments to dismiss two separate but related appeals filed with this court by the taxing district from two judgments entered by the Burlington County Board of Taxation (board) respecting rollback taxes imposed on defendant’s land, claiming that the first appeal was untimely filed, and that the board and this court lack jurisdiction to grant the relief requested by the second appeal.
*605 As a result of filed affidavits and a hearing held the following facts have been established. Defendants, Maimón & Smith, were the owners of a large tract of land identified as Block 1100, Lot 1 located in Eastampton Township. For many years, including tax years 1984, 1985 and 1986, the land was assessed as farmland. In 1985 the land was sold and the purchaser applied for and recieved preliminary approval to erect single-family homes. On or about June 30, 1986 the tax assessor of Eastampton Township, in his name as assessor, filed with the board a “Complaint for Omitted Rollback Assessment” requesting that rollback assessed values be imposed against this property in the amount of $68,963 for each of the tax years 1984 and 1985 and $166,531 for the tax year 1986. A hearing was held and, on August 21, 1986, the board issued judgment for the full assessments as requested by the tax assessor.
Within three days of its entry the board mailed a copy of the judgment to the property owners and to the tax assessor. The tax assessor acknowledged that he received a copy of the judgment but he did not know the exact date, stating “it had to be some time in August.” He further testified that he did not authorize or request the township attorney or anyone else to file any appeal from this judgment.
In late October 1986 the new owners of the property requested from the township the amount of taxes due as a result of the rollback judgment. By reason of this inquiry the township attorney secured from the board a copy of the judgment and relayed the information therefrom to the township council at a special meeting held on November 11, 1986. The township clerk filed an affidavit that she never received a copy of either the assessor’s complaint or notice of this judgment and that council never authorized the filing of the omitted rollback assessment complaint by the assessor. She also stated that, at the November 11 meeting, the township council directed its attorney to file a motion for a reconsideration of the board’s judgment and also to file with the board the township’s own omitted assessment complaint. Additionally, it authorized its attorney to appeal the board’s judgment to the Tax Court.
*606 On November 18,1986 an appeal from the board’s August 21, 1986 judgment was prepared by the township attorney entitling the municipality as appellant. The original was filed with the Tax Court on November 20, 1986 (complaint I) and copies thereof were served upon the board and the attorney for the taxpayers. Although the petition to the board listed the name of the tax assessor as complainant, the appeal therefrom to this court identified the appellant as Eastampton Township.
On December 3, 1986 the township attorney forwarded to the board a new complaint, naming the township as complainant, seeking rollback assessment on the same property for the same tax years, 1984, 1985 and 1986, but for the increased assessment of $3,657,900 for each year. On December 9, 1986 the township filed with the board a “Notice of Motion on Short Notice for Reconsideration” of its August 21, 1986 rollback assessment. On December 11, 1986 the board entered an order denying the township’s motion to reopen the judgment “since [the] tax board lacks jurisdiction and the 45 day appeal period to the Tax Court has lapsed.” On the same day, it issued a “Memorandum of Judgment” as to the new complaint seeking rollback taxes concluding “the omitted assessment law does not permit the reflection of enhancement of value due to subdivision of property.”
On January 7, 1987 the township appealed these latter rulings by filing with this court a complaint in two counts (complaint II). The first count is an appeal from the board’s December 11, 1986 order denying the township’s motion for reconsideration of the board’s original August 21,1986 rollback judgment and the second count is an appeal from the board’s December 11,1986 judgment denying the relief requested in the township’s complaint seeking rollback assessments for the tax years 1984,1985 and 1986, different from and higher than those imposed by the original judgment.
Taxpayers filed a motion to dismiss complaint I on the basis it was time barred by N.J.S.A. 54:51A-9 in that it had been filed with this court more than 45 days after service of the judg *607 ment. Movants additionally argue that the tax assessor has the implied statutory authority to file omitted rollback assessment appeals in his own name and that the township’s attorney had no authority from the assessor to file an appeal on the latter’s behalf. Subsequently, taxpayers filed their second motion to dismiss complaint II alleging that the board lacked jurisdiction to entertain either of the two proceedings dismissed by the board by its respective order and memorandum judgment dated December 11, 1986 and that this court likewise lacks jurisdiction. The township responds that the board’s original judgment was statutorily defective, therefore, the township’s subsequent motion and complaint filed with the board were procedurally correct and that the relief requested should have been granted. In the alternative, it argues that if the board’s original judgment is valid, a copy thereof was not served upon the municipality until November 11, 1986, and therefore, its appeal to this court was filed within time.
The two complaints before this court are from county board judgments relating to rollback assessments for the same property for identical years. In view of the fact that this property for each tax year can have but one rollback assessment this court has, on its own motion, consolidated both appeals and these two motions for summary judgment.
When land which has received the benefits of the preferential assessments granted by the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq., is applied to a use other than agricultural or horticultural, it is subject to rollback taxes for the year of change of use and for the two tax years immediately preceding. N.J.S.A. 54:4-23.8; Eagle Plaza Assocs. v. Voorhees Tp., 6 N.J. Tax 582 (Tax Ct.1984).
The governing body of a municipality has the exclusive right to act on behalf of the municipality, N.J.S.A. 40:48-1, which includes the power to initiate and participate in tax assessment litigation. Thus, “The governing body has exclusive power to act in the name of the municipality except where the duties of certain officers are fixed by statute.” Clinton *608 Tp. Citizen’s Comm. v. Clinton Tp., 185 N.J.Super. 343, 352, 448 A.2d 526 (Law Div.1982).
By the promulgation of N.J.S.A. 54:4-23.9 the Legislature has directed that the assessment for rollback taxes to be imposed pursuant to § 23.8 shall be governed by the procedure provided for the assessment and taxation of omitted property under N.J.S.A. 54:4-63.12, et seq., popularly known as the “Original Method.” [1] Under this “Original Method,” it is required that:
On the written complaint of the collector of taxes, or any taxpayer, of the taxing district, or of the governing body thereof, or upon a resolution by the county board of taxation, of its own motion, the county board of taxation shall hear the matter. Any such complaint or motion shall specify the property alleged to have been omitted and the particular year of the assessment. At least five days notice in writing shall be given to the owner of the property of the time and place of the hearing and the notice shall specify the property alleged to have been omitted and the particular year of the assessment. The notice may be served by registered mail. The collector shall present such complaints and serve such notices as the governing body may direct and shall attend before the county board of taxation and subpoena proper witnesses and pay their fees. He shall recieve reimbursement therefor and two dollars ($2.00) for every day he shall attend for his services from the taxing district. [N.J.S.A. 54:4-63.13; emphasis supplied]
In the instant matter there is no question but that the collector of taxes was not the person who filed the initial written complaint; instead, it was filed by the tax assessor, not in the name of the municipality, but in his individual name as assessor. Nowhere in § 63.13, is there provided any authority for a tax assessor, acting as such, without either express or implied authority from a taxing district’s governing body, to file an omitted assessment appeal on behalf of the taxing district, nor is there any other statute which specifically grants to tax assessors the power to initiate a tax appeal on behalf of the *609 taxing district without its authorization.[2] Clinton Tp., supra, 185 N.J.Super. at 352, 448 A.2d 526. By resolution adopted in early 1986 the township council authorized its tax assessor:
to file such appeals as may be necessary with the Burlington County Board of Taxation to maintain the accuracy and equality in the assessment list of the Township of Eastampton, subject to the advice of the Township Attorney and the prior approval of the Township Council. [Emphasis supplied]
A certified copy of this resolution was forwarded to the board. It is clear that prior to filing his appeal to the board the tax assessor did not comply with the township’s resolution requiring him to first seek the advice of the township attorney and receive prior approval from the township council. The township committee did not, either expressly or impliedly, authorize the tax assessor to file a rollback appeal; nor did the township subsequently ratify his action. To the contrary, when the township council received notice of the rollback judgment it expressly repudiated the assessor’s authority by immediately directing the township’s attorney to initiate various legal proceedings to nullify and amend the judgment resulting from the assessor’s complaint.
Although N.J.S.A. 54:4-63.13 permits a “taxpayer” to institute an omitted assessment appeal, the original appeal herein was not filed by the assessor as a “taxpayer” but instead as the “assessor.” There was no claim advanced that he filed as a taxpayer nor is there any proof in the record that he is, in fact, a taxpayer.[3] In any event even if the original appeal was filed by the assessor as a taxpayer, this statute directs that “the collector [of taxes] shall present such complaint ... and shall attend before the county board of taxation and subpoena proper *610 witnesses____” Ibid. Neither the tax collector nor his representative presented the complaint, witnesses and proofs before the board at the original hearing as thereby required. In all complaints for omitted or rollback assessments pursuant to N.J.S.A. 54:4-63.13 filed with county boards of taxation the taxing district is an indispensable party and although an individual taxpayer of the taxing district, where the property involved is located, has the right to initiate such an omitted assessment appeal, the taxing district must be made a party, given notice and an opportunity to present evidence as to the correct taxable value of the property involved.[4]
Because the tax assessor in this matter had no authority on behalf of the township to file the original appeal and since notice of the complaint and opportunity to . participate was not given to either the tax collector or the township, it is immaterial whether the assessor filed his complaint as the “tax assessor” or as a “taxpayer”; in either event the judgment entered is voidable.
This court is aware that in many instances tax related petitions and complaints have been filed with county boards of taxation by assessors without the assessors’ first having received express authority by way of municipal resolutions. In most of those instances, however, the assessor’s action was impliedly authorized or subsequently ratified by the taxing district. “[Ajctions taken in the context of litigation by a municipal tax assessor or by a municipal attorney may be ratified subsequently by the governing body in appropriate circumstances.” Clinton Tp., supra, 185 N.J.Super. at 352, 448 A.2d 526. However in the instant case, by its action taken at its special meeting of November 11, 1986, the township expressly repudiated the tax assessor’s action.
*611 When the township filed with the board its motion for reconsideration and a new rollback complaint in its name, the board was on notice that the taxing district had expressly disavowed the assessor’s authority to file a complaint on behalf of the township. By reason thereof and because the township did not receive notice of the assessor’s complaint and was not a party to the hearing, the board’s original hearing and resultant judgment were statutorily defective. The board should have acted to correct same. A county board of taxation has jurisdiction, within its statutory time limitations, to correct its own erroneous judgment. Vicari v. Bethlehem Tp., 8 N.J.Tax 513 (Tax Ct.1986). See Union City Associates v. Union City, 223 N.J.Super. 316, 538 A.2d 836 (App.Div.1988) (a timely tax court complaint does not ipso facto deprive a county board of jurisdiction over a disputed judgment).
 It is additionally concluded that the taxing district’s complaint to the board dated December 3, 1986 for omitted rollback assessments, was filed within time. N.J.S.A. 54:4-63.12 states: “In any year or in the next succeeding year, the county board of taxation may, in accordance with the provision of this act, assess any taxable property omitted from the assessment for that particular year.” In the instant case the taxing district has alleged that the change in use occurred during the tax year 1986, and therefore, the taxpayer's complaint to the board, having been filed during the tax year 1986, was filed within the time limitation of this section thereby vesting the board with jurisdiction thereof. Complaint II, having been filed with this court by the taxing district within 45 days of the board’s December 11, 1986 order and judgment, N.J.S.A. 54:51A-9, vested this court with jurisdiction to grant the relief requested. A void judgment, over which this court has jurisdiction, may be set aside by the court at any time unless equitable considerations warrant a different result. See City of Jersey City v. Roosevelt Stadium, 210 N.J.Super. 315, 509 A.2d 808 (App.Div.1986). Defendant’s motion for summary judgment to dismiss complaint II is denied.
*612 By reason of the above ruling and since the two complaints have been consolidated, the issues raised by taxpayer’s motion for a summary judgment relating to complaint I are moot.

For a brief review of the circumstances leading to the Legislature's enactment of the rollback statute and the procedures permitted for the imposition of omitted assessments see Gale Bldrs., Inc. v. Hunterdon Cty. Bd of Tax., 8 N.J.Tax 16, 19-22 (Tax Ct.1985).

It is noted that there has been introduced in the 1988 legislative session Assembly Bill 4323, amending N.J.S.A. 54:4-63.13 to additionally permit municipal tax assessor’s "to file complaints concerning rollback tax assessments____”

Except for authorized governmental officials, only a taxpayer of the taxing district, where the property involved is located, has standing to assert a right to have back taxes assessed and collected. Brunson v. Rutherford Lodge, No 547 of Benev. and Protective Order of Elks, 128 N.J.Super. 66, 319 A.2d 80 (Law Div.1974).

It is further noted that filed Assembly Bill 4323, n. 2, supra, additionally proposes that ”[w]hen the tax assessor files a complaint, the tax board shall send a notice of the complaint to the tax collector.”