PER CURIAM.
Plaintiffs, Christopher S. Brighton and Avery Brighton, appeal the February 4, 2005 judgment of the Tax Court of New Jersey, affirming the judgment of the Monmouth County Board of Taxation, affirming the denial by the Borough of Rumson assessor of plaintiffs’ application to have their 6.167 acre property at 60 Rumson Road valued, assessed and taxed as farmland for the 2002 tax year.
Plaintiffs assert that their own testimony and the testimony of their surveyor expert and witnesses established that 5.056 acres of their property are devoted to the agricultural uses of raising and selling miniature horses and the keeping of bee hives for the production of honey for sale, activities deemed to be agricultural uses pursuant to N.J.S.A. 54:4-23.2. Plaintiffs claim they, therefore, qualified for farmland assessment pursuant to N.J.S.A. 54:4-23.2, because greater than five acres of their property are “actively devoted” to agricultural use.
Defendant contends that the testimony of its surveyor expert and a witness demonstrated that of the 6.167 acres compromising plaintiffs’ property, 1.45 acres are related to the use and enjoyment of their farmhouse and that only 4.717 acres are devoted to agricultural use, thus disqualifying their property from farmland assessment.
The reasons for the Tax Court’s February 5, 2005 judgment are expressed by Judge Gail L. Menyuk in a comprehensive sixteen page written opinion dated January 31, 2005. The court correctly applied the “dominant use” test to determine whether the property was “actively devoted” to agricultural use as required by N.J.S.A. 54:4-23.2. The judge determined:
*62 Although it is clear that the paddock and part of the barn are actively devoted to the raising of horses, and that the house and areas immediately surrounding the house are used for residential purposes, I conclude that the bulk of the property is occasionally used by the family, and occasionally used by the horses, but, for the most part, is not actually devoted to anything.
The court, therefore, concluded that the plaintiffs “failed to establish that the agricultural use of at least five acres of the subject property was the dominant use. It is only when the agricultural use is the dominant use that the property is eligible for assessment as farmland.”
Plaintiffs claim that the Tax Court erred in finding the bulk of the property is not devoted to farmland. We have considered plaintiffs’ contention in light of the trial record and the applicable legal authorities, which are cited by Judge Menyuk in her opinion. We affirm substantially for the reasons set forth by Judge Men-yuk in her thorough and well-reasoned opinion of January 31, 2005.
Affirmed.